STATE OF MISSOURI, Respondent, v. MITCHELL, Appellant.

**St. Louis Court of Appeals, December 29, 1908.**

CRIMINAL PRACTICE: "Intoxicating Liquor:" Beer. In a prosecution for selling intoxicating liquor without a license, where the evidence showed the liquor sold was beer, this would authorize a conviction without proof that beer was intoxicating. The court will take judicial notice that beer is intoxicating.

Appeal from Clark Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

AFFIRMED.

*Berkheimer & Dawson* and *Chas. T. Llewellyn* for appellant.

(1) The instructions numbered one, two and three, given on part of State, do not use the word beer, but words "intoxicating liquors," and should not have been

given. State v. Smith, 38 Mo. App. 618; State v. Hays, 36 Mo. 80. (2) The intoxicating character of the liquor must be shown (unless it is a kind such as whiskey), which the court can take judicial knowledge of being "intoxicating." "Beer" may be intoxicating, and it may not be, and it will not be sufficient to sustain a conviction for the State to show that the defendant sold beer. It must be shown that defendant sold "intoxicating beer." Hansberg v. People (Ill.), 8 N. E. 857, 60 Am. Rep. 549; Potts v. State, 97 S. W. 477. (3) Section 3016, Revised Statutes 1899, defines intoxicating liquors as fermented, vinous and spirituous, but there is no evidence in this case that Grant purchased any of the kind of beer denominated fermented, vinous and spirituous beer. Nevin v. Ladu, 3 Denio 437; Rau v. People, 63 N. Y. 277; Blatz v. Rohbrach, 22 N. E. 1049. In last case cited, supra, the court uses this language: "It (beer) is known under various names, and designated as beer, porter, stout, strongbeer, small beer, lager, spruce beer, etc. The courts take notice that many of the beverages sold under the name of beer is not intoxicating." Ex parte Gray, 83 S. W. 828; Scales v. State, 83 S. W. 380; Harris v. State, 86 S. W. 763; Cassens v. State, 88 S. W. 229; Sullivan v. State, 87 S. W. 150; Ruther v. State, 88 S. W. 810; Potts v. State, 89 S. W. 856; Uloth v. State, 87 S. W. 822; Sarlls v. United States, 152 U. S. 570; State v. Reswick, 43 S. W. 26; State v. Brewing Co., 58 N. W. 1; Netson v. State, 5 So. 1, 1 L. R. A. 825.

*Charles W. Yant,* Prosecuting Attorney, for respondent.

The appellant contends that it devolves upon the State to show that "beer" is intoxicating. The Supreme Court has held "that beer is a fermented liquor, or drink, and the vendor must get a license before he can sell a gill or glass of it." State v. Lemp, 16 Mo. 585. "The intoxicating qualities of beer are legislatively

recognized, and its sale for that reason prohibited, except, under certain conditions, prescribed by the State." State v. Heinze, 45 Mo. App. 412. The Court of Appeals in its opinion said: "We construe the word 'beer' as used in the indictment and the instructions given in this case, to mean fermented and intoxicating liquor." State v. Besheer, 69 Mo. App. 72; State v. Watts, 101 Mo. App. 658. The words "intoxicating liquor" were used in each of the three counts of the information, and the word "beer" was used in each of the three counts of the information to designate the kind of intoxicating liquor sold, which was proper. State v. Houts, 36 Mo. App. 265; State v. Besheer, 69 Mo. App. 72.

BLAND, P. J.—The prosecuting attorney of Clark county filed an information, containing three counts, before a justice of the peace, in said county, in each of which it is charged that defendant at different times, unlawfully sold intoxicating liquor in less quantity than three gallons, to-wit, one quart of beer, without taking out a dramshop license or having any other legal authority to sell the same. In due course, the case was appealed to the circuit court, where on a trial *de novo* to a jury defendant was found guilty on each of said counts. An unavailing motion for new trial was filed and defendant appealed to this court.

The information was verified by the affidavit of the prosecuting attorney, and was sufficient in form and substance. The State's evidence tended to show that one C. W. Grant, the prosecuting witness, on the second day of August, 1906, at about three o'clock in the afternoon, purchased of defendant one quart of beer for which he paid twenty-five cents; that within an hour or an hour and a half thereafter he purchased another quart for which he paid twenty-five cents, and later in the evening he purchased six pint bottles for which he paid at the rate of twenty-five cents per

quart. Defendant testified that he did not sell any beer to Grant on the second day of August, or at any other time and that he was not present on the day and at the place where Grant testified he purchased the beer, and introduced other evidence tending to prove an alibi.

By instructions Nos. 1, 2 and 3, given by the court for the State, the jury were told to find defendant guilty if they found from the evidence that he sold intoxicating liquor in any quantity less than three gallons, without then and there having license as a dramshop keeper, or any other legal authority to sell the same. It is contended by defendant that these instructions are erroneous in that they fail to name the liquor sold, to-wit, beer, and that the term "intoxicating liquor" did not *ex vi termini* include beer. This question came up in the case of State v. Besheer, 69 Mo. App., where at page 75, this court said: "Webster defines beer to be (1) 'a fermented liquor, made from any malted grain,' (2) 'a fermented extract of the roots and other parts of various plants as spruce, ginger, sassafras, etc.'

"In People v. Wheelock, 3 Park 9, the Supreme Court of New York held, that the word 'beer' in its ordinary sense, denotes a beverage which is intoxicating.

"The Kansas City Court of Appeals, in the case of State v. Heinze, 45 Mo. App. 403, held that section 4395, Revised Statutes 1889, in effect defined beer to be intoxicating liquor. To the same effect is State v. Houts, 36 Mo. App. 265.

"In the light of these authorities and in obedience to the legislative will, as interpreted by the Kansas City Court of Appeals in State v. Heinze, supra, we construe the word 'beer' as used in the indictment, and instructions given in this case, to mean a fermented and intoxicating liquor."

The courts take judicial notice that beer is intoxicating. Discovering no reversible error in the record, the judgment is affirmed. All concur.