**STATE v. MAUPIN.**

No. 28961.

St. Louis Court of Appeals.

Missouri.

May 18, 1954.

Albert S. Ennis, Festus, for appellant.

Irvin D. Emerson, Asst. Pros. Atty., Hillsboro, for respondent.

WOLFE, Commissioner.

The defendant was charged with the sale of nonintoxicating beer under Section 312.400, RSMo 1949, V.A.M.S. Upon trial to a jury in the circuit court, she was found guilty and her punishment was fixed at a fine of $250. Following judgment she appealed to the Supreme Court on the theory that a constitutional question was raised, but that court transferred the appeal to this court upon motion of the attorney general when it appeared that no constitutional question had been properly preserved for review.

The defendant and her husband were jointly charged by information with the sale of nonintoxicating beer to a sixteen-year-old boy by the name of Warren Moore. After the jury was sworn the prosecutor dismissed as to Clayton Maupin and the case was tried as to his wife, Mary Lou Maupin, only. It appears from the evidence that the defendant and her husband operated a tavern in Jefferson County, Missouri. The prosecuting witness, the boy aged sixteen years named Warren Moore, testified that he went to the tavern on August 30 with a boy named Boedecker. His complete testimony on direct examination was as follows:

"Q. Will you state your name, please? A. Warren Moore.

"Q. Where do you live, Warren? A. Festus.

"Q. How old are you? A. Seventeen.

"Q. How old were you on the 30th of August? A. Sixteen.

"The Court: That is August of this year?

"The Witness: Yes, sir.

"Q. Warren, I want you to recall the 30th of August or thereabouts and tell the jury what happened on that date. A. On or about the 30th day of August I was in Mary Lou's Tavern. I went into Mary Lou's Tavern and bought beer from Mary Lou.

"Q. Would you expand that a little bit? Tell the jury just what happened. A. We went in and went over and sat in a booth and drank beer over there for awhile. I don't know just how much. At that time Mr. Maupin waited on us and later before we left we went up to the bar and bought some more beer from Mrs. Maupin.

"Mr. Ennis: I ask that portion of the answer in regard to Mr. Maupin be stricken and the jury instructed to disregard it in this case.

"The Court: It comes pretty late now. Go ahead.

"Q. Do you see Mrs. Maupin in the court room? A. Yes, sir.

"Q. Will you point her out? A. She is in the middle row. (indicating)

"Q. Is that the lady who served the beer to you? A. Yes, sir.

"Q. Did you pay for it? A. Yes, sir.

"The Court: In what county did this alleged sale take place?

"The Witness: Well, it was on or about the 30th day of August.

"The Court: What county and state?

"The Witness: Jefferson County and State of Missouri."

On cross-examination the witness was confronted with depositions he had given in which he said that he had lodged his complaint against the defendant because some friends of his had been arrested for creating a disturbance after the Maupins had refused to sell beer to them.

The boy named Boedecker testified that he was with Moore when they went up to the bar and were sold beer by Mrs. Maupin.

In her defense Mrs. Maupin testified that she had never sold beer to Warren Moore.

The appellant contends that the evidence was insufficient to support the charge of selling nonintoxicating beer and that the court erred in refusing to direct a verdict for the defendant at the close of all the evidence.

The statute under which the defendant was prosecuted, Section 312.400, RSMo 1949, V.A.M.S., makes it an offense to give, sell or otherwise supply nonintoxicating beer to a person under the age of twenty-one years. Nonintoxicating beer is defined in Section 312.010 as "any beer manufactured from pure hops or pure extract of hops, and pure barley malt or other wholesome grains or cereals, and wholesome yeast, and pure water, and free from all harmful substances, preservatives and adulterants, and having an alcoholic content of more than one-half of one per cent by volume and not exceeding three and two-tenths per cent by weight."

█ In order to make a submissible case against the defendant it was necessary to prove that she sold nonintoxicating beer as defined in the statute. The record is devoid of any evidence that the beer Moore said that the defendant sold to him had any alcoholic content. All that can be found in all of the evidence is that the defendant sold beer to Warren Moore. It may have been intoxicating beer or it may have been beer so low in alcoholic content that it did not come within the statutory definition of nonintoxicating beer having more than one-half of one per cent alcohol by volume and not exceeding three and two-tenths per cent by weight. The courts will not take judicial notice that "beer" contains alcohol for it is a name rather broadly used to designate a number of beverages. State v. Malone, 238 Mo.App. 939, 192 S.W.2d 68.

In State v. Henry, Mo.App., 254 S.W.2d 307, 309, the Springfield Court of Appeals had before it the same question that confronts us here except that there was some testimony regarding the kind of beer sold. In that case the prosecuting witness testified that he bought "3.2 beer" in a brown bottle bearing a Budweiser label. The court

in an opinion by the late Judge Vandeventer stated:

"Of course it is clearly apparent from the testimony in this case that if the prosecuting attorney was trying to prove the alcoholic content of the beverage consumed was not more than 3.2% by weight, the answer of the witness was merely a conclusion or guesswork. He might by sight, taste and smell have known that it was beer but could not by these senses have knowledge of the exact percentage of alcohol it contained either by volume or weight. But, be that as it may, there was no testimony that it contained more than one-half of one per cent of alcohol by volume which is an essential element. The fact that it was served in brown bottles or the fact it bore a Budweiser label does not prove the alcoholic content. * * * To convict one of this offense, the State must prove that the beverage sold was nonintoxicating beer as defined in the statute."

There was a dissent in the Henry case, but the dissenting judge did not question the necessity of proving the alcoholic content of the beer. His opinion merely held that the witness' statement that he bought 3.2% beer was sufficient proof of the percentage of alcohol.

▮ Since in the case before us there was no evidence that defendant sold Warren Moore beer containing alcohol of any quantity the court should have directed a verdict for the defendant. State v. Henry, supra.

Other points were raised but we need not pass upon them. Since the evidence was insufficient to sustain a conviction, it does not matter whether the steps in reaching the verdict were erroneous or not, and for the reasons stated it is the recommendation of the commissioner that the judgment be reversed and the defendant discharged.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the defendant discharged.

ANDERSON, P. J., and BENNICK, J., and ADAMS, Special Judge, concur.