**People of the State of Illinois, Plaintiff-Appellee, v. Floyd Sephus, Also Known as Sonny Sephus, Defendant-Appellant.**

Gen. No. 11,049.

Fourth District.

June 10, 1969.

Pollock & Ennis, and Harold L. Madsen, of Quincy, for appellant.

Robert J. Bier, State's Attorney of Adams County, of Quincy, for appellee.

SMITH, J.

On the second day of his trial on a charge of murder, the defendant entered a plea of guilty to voluntary manslaughter, a subsequent hearing in aggravation and mitigation was held and the defendant sentenced to 13 to 20 years in the penitentiary. His sole contention on appeal is that the sentence is too long and we should reduce it.

Under Supreme Court Rule 615, Ill Rev Stats 1967, c 110A, § 615, we may "(4) reduce the punishment imposed by the trial court." The rule just quoted is former Ill Rev Stats 1963, c 38, § 121–9, without substantial change and the committee comments under that statute state its purpose is that a reviewing court should have the power to do complete justice when a case is before it. It is limited, however, by the facts in the record and the law applicable thereto in each case. In People v. Taylor, 33 Ill2d 417, 211 NE2d 673, the Supreme Court indicated that the use of this statute (now Rule 615) should be used by a reviewing court with considerable caution and circumspection for the very cogent reason that the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed. In People v. Bonner, 37 Ill2d 553, 229 NE2d 527, the Supreme Court noted that since the imposition of sentence is a matter of judicial discretion, the exercise of that discretion will not be altered by a reviewing court in the absence of its manifest abuse. In People v. Nelson, 41 Ill2d 364, 243 NE2d 225, the court again indicated that the burden of presenting mitigating circumstances in a record falls upon a defendant and it is he who must make

a substantial showing in order to justify a reduction of sentence on review.

In the light of these principles, we turn to the record. The decedent came to her death as a result of a brutal beating at the hands of the defendant with whom she had lived for four to six months. A psychologist connected with the Adams County Mental Health Clinic testified that defendant's intellectual level was "mild retardation" with an IQ of 76, and that the normal is 90 to 110. The defendant was convicted in September, 1963, and served three years in the Federal Penitentiary at Terre Haute, Indiana, for interstate transportation of a female for immoral purposes. On the day of the occurrence, he had spent the greater part of the day and the evening in a tavern of his brother. The decedent was there with him, but apparently left before he did. One witness testified to hearing an argument between a man and a woman when he was several houses down the street, and characterized it as a commotion and quarreling. The girl was found the following morning "badly beaten" and dead. The defendant was in love with the girl and had rented their quarters for them. The decedent had apparently gravitated between the defendant and another boyfriend and intended to return to the other. Whether the defendant actually knew this or not is not clearly shown by the record. The defendant did not testify in mitigation and aggravation nor relate any of the circumstances of the events nor offer any evidence other than what we have rather briefly recited. We are asked at this distance and on this cold record to reduce a sentence imposed by an experienced trial judge whose opportunity to view the witnesses and observe the defendant is far superior to ours. There is nothing to indicate what the motive might have been. It is clear that whatever the decedent's condition was immediately after the beating, the defendant fled, leaving her dead or dying and afterwards returned when he learned that a warrant

had been issued for him. There is not one single bit of evidence in this record which suggests that the interests of society would be better served by reducing the minimum. There is nothing in this record which would justify a return of this case to the trial court for further examination nor is there anything that remotely suggests an abuse of discretion on the part of the trial judge in imposing the sentence here given. The sentence is neither excessive nor unreasonable. It is therefore affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.