**Albert Donald FLINCHUM, Petitioner,**

v.

**COMMONWEALTH OF VIRGINIA, Respondent.**

**Civ. A. No. 72–C–21–R.**

United States District Court, W. D. Virginia, Roanoke Division.

June 14, 1972.

**18**

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

Flinchum, pro se.

## OPINION and JUDGMENT

DALTON, District Judge.

Albert Donald Flinchum petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c) (3) to terminate his alleged illegal confinement in the Virginia prison system. Leave to proceed *in forma pauperis* has been previously granted.

Flinchum pleaded not guilty to and was convicted of sodomy in the Circuit Court of the City of Salem on September 30, 1970, and sentenced to a three year term in the state penitentiary. The court suspended execution of the sentence, placed Flinchum on probation, but later revoked the suspension after a hearing on December 21, 1970. At both the trial and the revocation proceeding, petitioner was represented by court appointed counsel.

In an articulate, well-constructed *pro se* petition, Flinchum challenged the propriety and constitutionality of the probation revocation alleging, to wit: 1) the trial court erred by not following the probation officer's recommendations of medical treatment; 2) the evidence did not support the court's finding of revocation because the petitioner did nothing after receiving the suspended

sentence that he had not already been doing prior to its imposition; 3) his sole indiscretion or problem is alcoholism which should be treated as a medical illness rather than punished as a crime. Having presented the identical claims to the Virginia Supreme Court on appeal from the judgment of revocation, he has exhausted his available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir.1963).

As more properly interpreted and viewed, the core of petitioner's argument is this: criminal prosecution and punishment of an alcoholic, of which he is one, solely on the basis of alcoholism or any symptom thereof violates the Eighth Amendment prohibition against cruel and unusual punishment. Further, a court in a proceeding to revoke a previously imposed suspended sentence and probation, cannot so revoke the probation or, if it can, cannot order a defendant's incarceration unless he has been guilty of some form of criminal conduct during the probation period. Since the petitioner's sole "indiscretion"—a conviction for drinking in public [1]—was no more than a symptom of his disease and thus cannot be punished, it was error for the court to order his imprisonment. Instead the court should have confined him for treatment and rehabilitation as permitted by § 18.1–200.1.[2]

To support his argument petitioner relies upon Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) reh. denied 371 U.S. 905, 83 S.Ct. 202, 9 L.Ed.2d 166 and Driver v. Hinnaut, 356 F.2d 761 (4th Cir.1966). In *Robinson* the Supreme Court declared

---

1. Va.Code Ann. 18.1–237.

2. The Act states:
   Any person arrested for an offense in which proof of drunkenness or being under the influence of alcohol is a necessary element of the crime and is discharged, dismissed or acquitted of such charge by reason of being an alcoholic, shall be subject to commitment to the control and supervision of the Director of the Department of Welfare and Institutions in the same manner and for the same purposes (rehabilitation) as prescribed in § 18.1–200, or to the Department of Mental Hygiene and Hospitals, or to a facility under the control of the State Health Department for treatment of alcoholics, in the discretion of the court. The section was repealed, effective July 1, 1971.

unconstitutional a California statute which penalized individuals because of their status as narcotic addicts, even though they had not touched or used narcotic drugs in the State. The court held that treating such individuals as criminals inflicted upon them cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

The Fourth Circuit in *Driver* invalidated a North Carolina statute which prohibited the public demonstration of drunkenness insofar as the statute applied to chronic alcoholics.[3] Accepting the "almost universally" accepted view that alcoholism is a disease, the court concluded that its holding was governed by the *Robinson* proscription against criminal prosecution and punishment of a status or a disease. The holding was explicitly limited to the alcoholic individual's acts which are compulsive and involuntary as symptoms of the disease of alcoholism e.g. public drunkenness. See also Easter v. District of Columbia, 124 U.S.App.D.C. 33, 361 F.2d 50 (1966); State v. Fearon, 283 Minn. 90, 166 N.W.2d 720 (1969); see generally Annotation, 40 A.L.R.3rd 321 (1971). Finally, the court did not preclude detention of the alcoholic "for treatment and rehabilitation so long as he is not marked a criminal". 356 F.2d at 765.

Petitioner also attempts to distinguish this case from Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), in which the Supreme Court, by a 5–4 decision, affirmed the state conviction under a statute making drunkenness in a public place a crime. The court, however, was apparently divided on the constitutional issue as to whether the state could validly punish a chronic alcoholic for offenses associated with drunkenness. Four justices rejected, and four justices recognized the consti-

tutional defense of alcoholism to those offenses. Mr. Justice White, voting for affirmance intimated that the condition of alcoholism or even the involuntary act of drinking or being drunk could not be penalized as a crime but that in some cases public drunkenness, a different act, could. He noted that in any case the legality of punishment depended upon such facts as whether the man had a home or place other than the public streets in which to drink, and he observed finally that there was no showing that Powell's drinking was uncontrollable. It appears, therefore, that there is some doubt as to the clear resolution of the constitutional issue.

On the facts of this case, however, the court concludes, without the necessity of determining the Eighth Amendment issue, that petitioner's claim has no merit. There is insufficient evidence to establish that Flinchum is a chronic alcoholic—that is, that he is unable to control his use of alcohol—which conduct was the explicit presupposition upon which the *Driver* rule was predicated.[4] Undeniably, petitioner drinks excessively and has a considerable number of arrests and convictions for offenses associated with drinking. At his trial, however, defense counsel characterized his drinking as voluntary, which would suggest that Flinchum could control the commencement of his drinking. Further, the evidence, including petitioner's testimony, indicates that he was not compelled to drink and that he had at times gone for periods without drinking.

Recognizing that petitioner "may be an alcoholic" but nonetheless treating him as a voluntary drinker, the Trial Court ordered as a condition of probation that Flinchum refrain from drinking or getting drunk and cautioned that

3. The Court noted, at 763–764:
As defined by the National Council on Alcoholism, (a chronic alcoholic) is a "person who is powerless to stop drinking and whose drinking seriously alters his normal living pattern" (footnote omitted). The American Medical Association defines "alcoholics" as "those excessive drinkers whose de-

pendence on alcohol has attained such a degree that it shows a noticeable disturbance or interference with their bodily or mental health, their interpersonal relations, and their satisfactory social and economic functioning" (footnote omitted).

4. 356 F.2d at 761.

**20**

he must not be convicted of any criminal offense during the probationary period. When the court asked petitioner if he could observe these conditions, he responded that he would "make it". The non-drinking condition of probation was valid and petitioner violated it when he voluntarily consumed alcohol. The court could then properly and legitimately revoke his probation and suspended sentence. Most important, the court ordered Flinchum's confinement in the penitentiary not because of his drinking but rather because he violated a condition of a suspended sentence upon a conviction for sodomy. In so doing, it was not bound by the Probation Officer's recommendation for medical treatment and rehabilitation, especially since Code § 18.1–200.1 did not authorize such treatment where, as here, drunkenness or the influence of alcohol is not an element of the crime for which the accused is punished.

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus be dismissed and denied.