THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND
HAINLINE, Defendant-Appellant.

(No. 12297;

Fourth District—September 5, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The single issue in this case is whether or not the circuit court of Adams County abused its discretion in revoking defendant's sentence to periodic imprisonment and in sentencing the defendant to the penitentiary for a period of 2 to 8 years. The periodic imprisonment sentence was imposed on a charge of burglary and was an agreed sentence. Involved in the burglary was the theft of a television set. Under the terms of the periodic sentence, the defendant was released from 10 o'clock to noon and from 1:30 to 3:30 P.M. to seek employment with the provision that when he found employment a modified order would be entered to facilitate his employment and as a further condition of the periodic imprisonment the defendant was not to consume any alcoholic beverages or enter any place where alcoholic beverages were sold for any reason whatsoever.

A week later a petition to revoke the sentence to periodic imprisonment was filed alleging that the defendant had entered the Katty Korner Tavern and consumed alcoholic beverages. His violation of the terms of his periodic imprisonment is undisputed. The sentencing hearing on revocation was continued from time to time because the defendant was

in Jacksonville State Mental Hospital under a civil commitment. At the time of the original offense, the defendant was apparently intoxicated. His parents were alcoholics and did not supervise him in his early home life. In the supplemental presentence report, a doctor from Jacksonville State Hospital diagnosed the defendant as an anti-social personality with alcoholic addiction. The defendant testified that after he obtained his job at a nursing home he did on the following day start to work, met some friends and entered the tavern where he was arrested and brought back to the county jail. The trial judge questioned him and he was not too sure of some of the details of his initial testimony. He was a trusty in the county jail, did various odd jobs for the jail authorities and assisted the sheriff's office. He had likewise been cooperative in the jail in assisting the authorities with circumstances where there was danger to other inmates or to law enforcing authorities. The defendant said that he would like to go to some school to take up drafting, to start life all over again because he had been going to church, etc., and wanted to straighten out his life. This same testimony was given by him when the court was considering periodic imprisonment.

The presentence report indicates the defendant was declared a juvenile delinquent at age 15 and sent to the Illinois Youth Commission from which he was paroled and returned three times. His prior criminal record consists of a 1963 conviction for theft for which he served 20 days in the county jail because he couldn't pay the fine; a 1963 conviction for driving without a license for which the defendant served 10 days in jail; a 1963 conviction for theft and possession of stolen property for which he was sentenced to 3 years' probation and 45 days in the county jail; a 1963 revocation of his probation and a sentence of 9 months at the Illinois State Farm; a 1963 conviction for escape from the Illinois State Farm and a sentence of 1 to 10 years; three parole violations from this sentence until he was discharged on September 8, 1971; a 1971 conviction for driving without a license for which he served 3 days in jail; a 1971 conviction for theft, criminal trespass to a motor vehicle and driving without a license for which he was sentenced to 57 days in the county jail. After the hearing and before imposing sentence, the court stated that it had considered the various sentencing alternatives available and had decided to impose a sentence to the penitentiary of 2 to 8 years.

■■ The defendant contends in this court that revoking his sentence to periodic imprisonment within a few days after it was invoked did not give that remedy an opportunity to work and did not provide for treatment of the defendant's drinking problem. The defendant cites *People v. Robinson*, 12 Ill.App.3d 291, 297 N.E.2d 621, as authority for the proposition that the trial court should have provided treatment for his

drinking problem. The difference between *Robinson* and the circumstances confronting us is that in *Robinson* the court was dealing with a narcotic addict and not one with drinking problems. The defendant was 31 years of age. The record recited above indicates that society has tried over a period of many years to give him an opportunity to rehabilitate without success. The trial judge was a member of the advisory committee on supervision in the community for the drafters of our new Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*), and was acquainted with the defendant's family while sitting as a family court judge. Under such circumstances, we would reiterate the views stated in *People v. Sephus,* 109 Ill.App.2d 240, 248 N.E.2d 293, that the trial judge was in a superior position to view the witnesses and observe the defendant. He considered all of the alternatives open to him, and stated that it was his hope that the Department of Corrections might at some time prior to the expiration of the defendant's sentence make available supervision in a half-way house. It is apparent from this record that this defendant either can't or won't conform to accepted rules of conduct or comply with parole rules or accept reasonable supervision. Under the circumstances shown in this record, this court would be hard pressed to find an abuse of discretion on the part of the trial court.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

CRAVEN and TRAPP, JJ., concur.