Ex parte Donald RYAN, Petitioner,

v.

Donald W. WYRICK, Respondent.

No. KCD 27352.

Missouri Court of Appeals, Kansas City District.

Dec. 30, 1974.

Richard R. Nacy, Jr., Asst. Public Defender, 19th Judicial Circuit, Jefferson City, for petitioner.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

SHANGLER, Judge.

In this original proceeding in habeas corpus the petitioner seeks discharge from imprisonment on a petition which asserts denial of due process of law in the revocation of his probation.

Our writ went down commanding the Warden of the Missouri State Penitentiary to make return, disclosing whether he had the petitioner in his custody, the true cause of the imprisonment, and to exhibit the authority by which the petitioner was held. The respondent Warden duly made return which exhibited, among other documents, the judgment of conviction and sentence, the suspension of the five-year sentence imposed in favor of an order of probation for a five-year term, and also the order of revocation entered by the trial court.

The petitioner made no other denial or traverse to the return of the Warden. In this posture, a habeas corpus petition normally would not be heard.

■ In a habeas corpus proceeding, the petition for the writ is merely a preliminary pleading which, upon the issuance of the writ, has fully served its purpose and drops out of the case when the return thereto is made. State ex rel. Burtrum v. Smith, 357 Mo. 134, 206 S.W.2d 558, 561[1] (banc 1948). The return becomes

the principal pleading which the petitioner can traverse only by reply. Thus, since the return is responsive to the writ, and not the petition, the issues in habeas corpus are, in the ordinary manner, framed not by the petition but by the return and the traverse by way of reply. Thompson v. Sanders, 334 Mo. 1100, 70 S.W.2d 1051, 1052[1] (banc 1934). If the petitioner fails to join issue on the return, the facts alleged therein are taken as conclusive and true, and the only question which remains is whether, under such facts, the restraint is authorized as a matter of law. Ex parte Thornberry, 300 Mo. 661, 254 S.W. 1087, 1089 [3] (banc 1923).

■■ The petitioner does not traverse the prima facie showing by the Warden in his return that he holds the petitioner lawfully under a judgment of conviction and order of revocation of probation, thus under the authorities, there would be cause for peremptory quashal of the writ. It appears, however, that both the petitioner and respondent have misconceived the procedure of the remedy and have adopted the petition as the principal pleading: The respondent Warden by the allegations of his return that the petition for habeas corpus should be dismissed for a failure of pleading, and the petitioner by his failure to join issue by traverse or denial. The parties have, moreover, framed their briefs and rested submission on the petition. In these circumstances, the respondent has waived failure of petitioner to make reply, and we determine those issues to which the parties have consented. Label v. Sullivan, 350 Mo. 286, 165 S.W.2d 639, 640[1] (banc 1942).

The petitioner, on July 23, 1973, entered a plea of guilty to assault with intent to kill with a dangerous and deadly weapon. The court imposed a sentence of imprisonment for five years, stayed execution and ordered the petitioner on probation for a term of five years. The order of probation, subscribed by the petitioner, imposed a number of conditions, including

*Condition number 1:*

I shall obey all laws and ordinances of the United States, State, County or Municipality. All arrests for any reason must be reported without delay to my probation and parole officer.

*Condition number 5:*

I shall not associate with any person who has been convicted of a felony or misdemeanor (other than minor traffic violations). I accept my responsibility to know with whom I am associating and that the only exception the Court will recognize is such association as may be incidental to my place of residency or employment.

*Condition number 8:*

I shall report regularly, as directed, to my probation and parole officer, and I agree to follow and abide by any directives given me by my probation and parole officer.

The petitioner was given to the supervision of Dwayne Sachs of the Missouri Board of Probation and Parole. On January 28, 1974, events prompted Sachs to report the petitioner as in violation of conditions one, five and eight, and to institute a revocation proceeding.

Accordingly, a preliminary hearing was conducted at the courthouse on February 15, 1974, before the Senior District Supervisor of the Board of Probation and Parole. The hearing officer, upon evidence, found probable cause to believe that petitioner had violated conditions of probation five and eight and submitted the findings and report to the court which had imposed sentence and term of probation. The court thereupon conducted formal revocation proceedings on March 15, 1974, where petitioner was represented by attorney, witnesses presented and cross-examined, and evidence fully heard. At the conclusion of the hearing, the court revoked the probation and ordered execution of sentence.

The petitioner complains that these proceedings denied him due process of law in three particulars: 1) that the preliminary hearing of revocation was without notice to him of the date, place and purpose of the hearing or statement of allegations of violation; 2) that the formal hearing of revocation was without presentment to him of statement of violations of probation alleged against him, and 3) that the order of revocation of probation contains no formal statement of the evidence relied on by the court.

The first of these points is not within the issues presented by the petition for habeas corpus which, by consent, has been adopted by the parties as the formal pleading of these proceedings, and is not before us. The assertion that the petitioner was without notice of the date, place or purpose of the preliminary hearing or of the accusations to be met is, in any event, contradicted by a meticulous record. The return of the respondent Warden exhibits, under affidavit, records of each stage of the proceedings, uncontested by the petitioner as to authenticity. Among the exhibits displayed with the return are the violation report of January 28, 1974, submitted by Probation Officer Sachs, which alleges in a plethora of detail the conduct of the petitioner constituting violations of conditions of probation one, five and eight, and the amendatory report of February 8, 1974, which corrects the prior violation report in certain particulars. Each of these exhibits was shown by supporting affidavit as served upon the petitioner personally prior to the February 15, 1974, preliminary hearing. Thus, the contention of the petitioner that he was not accorded a statement of the violations alleged against him is quite without substance.

It is evident from the proof on this habeas corpus proceeding, moreover, that the assertion that petitioner was without notice of the date, place or purpose of the preliminary hearing is equally without substance. The petitioner appeared with wit-

nesses and counsel. And it clearly appears from the written report of the Hearing Officer—submitted as an exhibit to the return of the respondent—that the petitioner presented two witnesses in contradiction of the charge of violation of condition of probation number one—that at a specified time and place petitioner had carried a weapon upon his person—and that this evidence prompted the belief of the Hearing Officer that there was no probable cause for that allegation of violation of probation. The merits considered, therefore, the due process requirements of Gagnon v. Scarpelli, 411 U.S. 778, 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 and Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 as construed to judicial probation and revocation in Moore v. Stamps, 507 S.W.2d 939, 947[1–2] (Mo.App.1974) were fully observed as to notice, hearing, presentment of the violations alleged, as well as to the determination of probable cause by a neutral and detached officer. [Cf. our holding in Reiter v. Camp, et al., Mo.App., 518 S.W.2d 82, adopted concurrently.]

 The petitioner complains also that he was not given a formal statement of the charges to be met at the final revocation hearing. He contends that there was never disclosure to him prior to the formal hearing for revocation of the matters to be confronted and, therefore, was unable to make proper preparation for response. The proof is conclusively to the contrary. As has been shown, prior to the preliminary hearing the petitioner was served with a violation report and amendment which alleged in meticulous detail the violation of three conditions of probation. The preliminary hearing was conducted responsively to the allegations of the violation report. At the conclusion, the Hearing Officer prepared a written report of hearing which described each violation alleged and, witness by witness, made summary of the evidence given in proof and in contradiction of each allegation, both by the proponents of revocation as well as

by the petitioner. This hearing report clearly concluded probable cause as to violations of conditions of probation five and eight—knowing association with felons or misdemeanants and failure to report to the probation officer—and want of probable cause as to violation of condition of probation one—that petitioner carried a gun on his person. The hearing report was exhibited in the return of the respondent Warden under an affidavit which shows service of the document to the petitioner before the final revocation hearing of March 15, 1974. As with the other exhibits to the return, the authenticity of this document is not disputed nor is the declaration of service. These procedures, we conclude, comport with the due process requirements of notice and disclosure to be accorded a probationer prior to final hearing of revocation suggested by *Gagnon* and *Morrissey* and given systematic expression in Moore v. Stamps, *supra*, 507 S.W.2d 1. c. 950 [13]:

The following minimum requirements of due process must be given prior to . . . the final hearing: (a) Written notice of the claimed violations of probation and the date and time of hearing. (b) Disclosure to the probationer prior to the hearing of evidence against him in general terms.

The written hearing report was virtually a model of compliance with both these conditions, and in the absence of contradictory evidence of comparable stature, we accept the declaration of the affidavit as conclusive on the issue of service.

 The final contention of the petitioner is that the formal order of revocation entered by the circuit judge contains no statement of reasons for the revocation nor reference to the evidence relied on for decision, but [to the extent here relevant] merely recites:

Now comes the Court and for good cause shown doth Order that the Proba-

tion granted to the defendant herein on July 23, 1973, be revoked and terminated.

The petitioner contends this order plainly violates the due process requirement that the final order of revocation include "[a] written statement by the judicial officer conducting the final hearing as to the evidence relied on and the reasons for revoking probation". Moore v. Stamps, *supra*, 1. c. 950 [11, 12]. We would agree that such a fragmentary order standing alone constitutes neither a written statement of evidence nor reasons for the revocation action. There is no constitutional impediment, however, to a separate statement of reasons and reference to the evidence. The transcript of the final revocation proceedings, brought up as an exhibit in support of the return of the Warden discloses, in fact, that prior to the formal order of revocation, the judge gave full expression to the reasons for the order he was about to enter as well as to the evidence which prompted his decision for revocation.

The purpose of the stricture that the judicial officer who conducts the final hearing shall give a statement in writing of the reasons and evidence for revocation is to preserve a record for the probationer and for the court of review, neither of whom should be remitted to assumptions as to the basis for the order of revocation. In this case, the record is presented in the form of the transcript of the proceedings. This procedure, although not a model of compliance with the constitutional requirement, is sufficient in the circumstances of a hearing record which supports the final action taken. The better practice is an order of revocation which integrates the reasons for decision and the evidence relied on.

The writ of habeas corpus is quashed and the petitioner is remanded to the custody of the respondent Warden.

All concur.