**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lloyd Dale MILLER, Defendant-Appellant.**

No. 76–2276.

United States Court of Appeals, Ninth Circuit.

Oct. 26, 1976.

Rehearing and Rehearing En Banc Denied March 18, 1977.

John J. Cleary, Asst. Federal Defender (argued), San Diego, Cal., for defendant-appellant.

Stephen V. Petix, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., Douglas G. Hendricks, Asst. U. S. Atty., argued, San Diego, Cal., for plaintiff-appellee.

Before GOODWIN and WALLACE, Circuit Judges, and INGRAM,* District Judge.

PER CURIAM:

Lloyd Dale Miller appeals from a judgment revoking probation granted to him following his conviction of violation of 18 U.S.C. §§ 3, 371 and 659. Among the conditions included in Miller's grant of probation was that "he not consume any alcohol."

While on probation, Miller was arrested for a violation of California Vehicle Code § 23102(a) (drunk driving) and was convicted of a reduced charge of California Vehicle Code § 23103 (reckless driving). Following these proceedings, the District Court issued its order to show cause as to why probation should not be revoked by reason of Miller's non-compliance with the probationary condition requiring abstinence from alcohol and after hearing his probation was revoked.

On this appeal Miller contends that the condition in question is void because it is vague, is unreasonable, and constitutes the imposition of a cruel and unusual punishment. We disagree and affirm the judgment of revocation of probation and imposition of custodial sentence.

---

* Honorable William A. Ingram, United States District Judge, Northern District of California, sitting by designation.

In making the above contentions Miller draws our attention to a recommendation of the Federal Probation Officer included in the pre-sentence report to the effect that Miller be required as a probationary condition to undergo "counseling or treatment for alcoholism." He contends that the failure of the Trial Judge to adopt the recommendation of the Probation Officer and the imposition of the more stringent condition requiring total abstinence constituted an exercise of discretion not reasonably related to the purposes of the Federal Probation Act (18 U.S.C. § 3651) and therefore unreasonable and void.

This Circuit has recognized that the Federal Probation Act has vested great discretion with respect to the granting of probation in the trial courts having jurisdiction over convicted defendants and has adopted as permissible those standards which, when considered in context, can reasonably be said to contribute significantly to the rehabilitation of the convicted person and to reasonably aid law enforcement agencies in the protection of the public. *U. S. v. Consuelo-Gonzalez,* 521 F.2d 259, 264 (9th Cir. 1975). The probation condition now under consideration is in our opinion a permissible exercise of discretion and therefore reasonable. Inasmuch as Miller's previous history was indicative to the Trial Judge that alcohol was a substantial contributing factor to his legal transgressions the imposition of the condition is certainly protective of the public interest. Whether the condition is rehabilitative or not, as is the case with every other probation condition, is somewhat dependent upon the probationer's motivation and effort in complying with the condition. Abstinence from alcohol may be achievable in some cases only with professional help and guidance. If this be the case with respect to a specific individual the imposition of a condition requiring abstinence obviously requires that the probationer who accepts the condition undertake whatever remedial help is necessary in his individual circumstance to enable him to comply with the condition. The Court does not abuse its discretion by failing to impose conditions requiring the probationer to do that which he can and should do for himself in the interest of achieving abstinence.

Of course if the probationer's condition is so debilitated that his power of will and self-determination are wholly destroyed by his ingestion of alcohol, as was the case in *Sweeney v. United States,* 353 F.2d 10 (7th Cir. 1965) the condition in issue might be inappropriately ordered. There is no showing in the instant case of such circumstances.

Consequently, we are of opinion that the condition imposing abstinence is not unreasonable and does not constitute the imposition of a cruel and unusual punishment.

Miller complains that the condition is vague. The words "that he not consume any alcohol" are neither vague nor uncertain and leave no doubt as to their unequivocal meaning.

The judgment is affirmed.