## 57012. SMITH v. THE STATE.

MCMURRAY, Judge.

Defendant was convicted of burglary. On September 2, 1976, he was sentenced to a term of five years to serve two years in confinement and three years on probation. While on probation he violated one of the conditions, that is, consuming and possessing alcoholic beverages, and a condition requiring him to attend alcohol and drug training and counseling. He was then committed to an alcoholic treatment center for a period of 28 days, or longer if deemed necessary, and upon his release from the center to be transferred to the Wayne Substance Abuse Center, Jesup, Georgia, for a period of six months. This order was dated the 30th of December, 1977.

He was then charged with failing to abide by the rules of the alcoholic treatment center in that he did leave the center without permission on a certain date and that he violated a condition of his probation, specifically, consuming alcoholic beverages.

A hearing was held, styled a revocation hearing, although at that time his probation had been partially revoked. The evidence disclosed that one of the rules at this institution (alcoholic treatment center) was that there would absolutely be no alcohol consumed while in the center. A drinking party among the inmates allegedly occurred, and on investigation the next day the defendant was found in his room. His room smelled "like a beer barrel" and "he had alcohol on his breath." There is also some evidence that he was experiencing a hangover. Some evidence was considered that an exit door alarm had

been taped so that the door could be opened for entry and exit without the knowledge of the personnel in charge of the center. However, evidence was totally lacking that this defendant had left the center.

On the 7th of February, 1978, the remainder of his probated sentence was revoked due to his failure to abide by the rules and regulations of the center in that he did leave the center without permission and consume or possess alcohol.

No appeal was taken therefrom but thereafter in a habeas corpus hearing based upon the decision of *Kreps v. Gray,* 234 Ga. 745 (218 SE2d 1), the habeas corpus court determined defendant had been denied his opportunity and right to appeal the revocation of his probation, and it was ordered that he be given an out of time appeal. Defendant appeals the revocation of the remainder of his probated sentence. *Held:*

1. Even if it be construed that the probated sentence was already revoked in which the defendant was ordered to serve 28 days or as long as deemed necessary in an alcoholic treatment center and six months thereafter at the Wayne Substance Abuse Center, it is quite evident here that there was sufficient evidence to show he had consumed alcohol on or off the premises at that center. The trial court did not err in revoking the remainder of his probated sentence. See *Fuqua v. State,* 142 Ga. App. 632, 634 (4) (236 SE2d 685) and cases cited therein as to the quantum of evidence sufficient to justify revocation of probation.

2. At the completion of the hearing the trial court stated: "I'm familiar with this case and there's no doubt in my mind that this man was drinking alcoholic beverages over there. And, I'm going to revoke his probation." It cannot be said that the court abused its discretion in making such a statement or was guilty of being prejudiced toward the defendant when the court was merely considering the evidence before the court that the defendant had been drinking alcoholic beverages. There is no merit in these complaints.

3. While his probated sentence was already partially revoked in that he was serving in the alcoholic treatment center, nevertheless the testimony was ample to revoke

the entire sentence in the event it was not already completely revoked.

*Judgment affirmed. Deen, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 8, 1979 — DECIDED JANUARY 29, 1979.

*Williams & Starling, Donald A. Starling,* for appellant.

*Dewey Hayes, District Attorney, Harry D. Dixon, Jr., Assistant District Attorney,* for appellee.