**Michael SINCUP, Petitioner,**

v.

**David BLACKWELL, Director of the Division of Corrections, Respondent.**

**No. 61861.**

Supreme Court of Missouri, En Banc.

Nov. 12, 1980.

Rehearing Denied Dec. 15, 1980.

Ronald E. Pedigo, Public Defender, Kenneth A. Seufert, Asst. Public Defender, Farmington, for petitioner.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

This is habeas corpus. Michael Sincup contests the revocation of his probation and resulting confinement in the Missouri State Training Center for Men. The writ is available to challenge the validity of parole or probation revocation proceedings resulting in incarceration, *Green v. State*, 494 S.W.2d 356, 357 (Mo. banc 1973), and this Court has jurisdiction of the cause under Mo.Const., Art. V, § 4.[1]

Sincup pled guilty on July 6, 1979, to a charge of second degree burglary and was sentenced to eight years imprisonment by the Circuit Court of St. Francois County. On September 7, 1979, execution of sentence was suspended and Sincup was placed on five years probation.

The probation order required that he comply with eight standard probation conditions and four special provisions, one of which required that he not consume intoxicants. Sincup signed the probation order with the enumerated conditions, consenting to the conditions and agreeing to comply with its terms. Additionally, the probation officer reviewed the conditions with him and explained the prohibition on consumption of alcohol was imposed because the pre–sentence investigation revealed probationer's extensive alcohol abuse. As related by the officer, "I told him at the time that he was placed on probation that in order for him to succeed he was going to have to refrain from using intoxicating beverages." On October 7, 1979, one month after these events probationer was observed drinking beer at the scene of a fire. Following a counseled hearing, the trial judge on November 14, 1979, revoked Sincup's probation and ordered him committed to the custody of the Division of Corrections.

■ Petitioner first attacks the sufficiency of the evidence supporting revocation. Unlike *Douglas v. Buder*, 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973), cited by petitioner, in which there was no evidence to support a finding of probation violation, the record here sustains the conclusion that Sincup did in fact consume intoxicants. Deputy Sheriff Denver Haus testified he observed Sincup drink from a can labeled Busch beer within 15 feet of the deputy's patrol car at the scene of a fire. Two other witnesses corroborated Haus' testimony by recounting their observations of Sincup holding a beer can at the fire. Further, a local store owner stated that on two or three occasions during Sincup's probationary period a person accompanying Sincup purchased a case of Busch beer and placed it in the vehicle Sincup was driving. While Sincup's friends and father testified to the contrary, the trial judge found that Sincup consumed alcohol the night in question. As the standard of proof in revocation proceedings requires only that the hearing judge be reasonably satisfied that the terms of probation have been violated, the evidence presented was sufficient to support the judge's determination. *Ewing v. Wyrick*,

---

1. Although not strictly mandated by Supreme Court Rules, a habeas petition involving disputed factual issues should in the first instance be filed in Circuit Court. *Abel v. Wyrick*, 574 S.W.2d 411, 416 (Mo. banc 1978).

535 S.W.2d 442, 444. (Mo. banc 1976). *State v. Wilhite*, 492 S.W.2d 397, 399 (Mo. App.1973). We decline petitioner's invitation to weigh the evidence or substitute our judgment for that of the hearing judge on questions of credibility.

Petitioner also asserts a want of evidence that Sincup's beverage was an intoxicant above 3.2 percent in alcoholic content. As discussed above, three persons observed Sincup holding a can labeled Busch beer and one of these three viewed Sincup drink from the can. Petitioner would have us hold additional evidence of the can's contents, e. g., testimony of one who smelled the contents, was necessary to sustain a finding that the can contained alcohol. However, this ignores that the evidence supported an inference sufficient to reasonably satisfy the judge that the can held an intoxicant. Petitioner presented nothing to the contrary.

We further reject petitioner's proffered distinction between beers of varying alcoholic content. The absolute proscription on alcoholic beverages in petitioner's probation agreement was an attempt to arrest an apparent cause of probationer's criminal conduct, alcohol abuse. Whether petitioner consumed beer of 3.2 percent or of greater alcoholic content is not controlling. Each tends to intoxicate, a condition inconsistent with petitioner's rehabilitation. Accord: *State v. Miller*, 45 Ohio App.2d 301, 74 Ohio Ops.2d 476, 345 N.E.2d 82, 85 (1975).

Next petitioner contends the judge abused his discretion because Sincup's violation was minor or technical in nature and the court failed to consider alternatives to imprisonment. Although petitioner characterizes the infraction as trivial, the trial judge could reasonably conclude otherwise. Petitioner consumed alcohol in public in the immediate presence of the deputy, thereby directly and blatantly contravening his probation agreement one month after promising to abide by its terms. This dilutes his claim that he can be counted on to avoid anti–social activity. Other courts have sustained revocation orders when probationers have breached covenants of total abstinence.[2] See e. g., *Flinchum v. Commonwealth of Virginia*, 346 F.Supp. 17, 20 (W.D. Va.1972); *Beckworth v. State*, 551 S.W.2d 414, 416 (Tex.Cr.App.1977); *People v. Hainline*, 21 Ill.App.3d 1080, 316 N.E.2d 565, 567 (1974); *Smith v. State*, 148 Ga.App. 822, 253 S.E.2d 241, 242 (1979).

After the initial determination that a condition of probation or parole has been violated, due process requires that alternatives to incarceration consonant with society's protection and the probationer's or parolee's rehabilitation be considered. *Morrissey v. Brewer*, 408 U.S. 471, 479–480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 784, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656 (1973). Accordingly, this Court recently held violation of parole or probation conditions does not automatically result in imprisonment without reflection on alternatives. *Abel v. Wyrick*, 574 S.W.2d 411, 418 (Mo. banc 1978). In *Abel*, after the probationer admitted violations the Court refused to consider evidence offered in mitigation or alternatives to incarceration. *Id.* at 419. Here, Sincup, represented by counsel, was provided a full and fair hearing. Suggested substitutes for incarceration were provided in the testimony of Sincup's probation officer and advocated to the court by Sincup's counsel.[3] Demonstrating the futility of an

---

2. Conditions of probation requiring total abstinence have been sustained in the face of constitutional and statutory challenges. See *United States v. Miller*, 549 F.2d 105, 107 (9th Cir. 1976); *Sargis v. United States Board of Parole*, 391 F.Supp. 362, 366 (E.D.Mo.1975). However, a condition of abstinence in the case of a probationer whose chronic alcoholism rendered compliance impossible was found unreasonable. *Sweeney v. United States*, 353 F.2d 10, 11 (7th Cir. 1965). In the case at bar, no allegation appears that petitioner was an alcoholic.

3. To the extent petitioner argues a "second step" hearing is mandated to appraise alternatives to revocation, he misconceives the dictates of due process. As our Court of Appeals recognized, "[n]either *Gagnon* or *Morrissey* was intended to straight- jacket the States into developing an inflexible, ritualistic system of probation revocation. Neither decision was in-

alcoholic treatment program as an alternative, Sincup never admitted having a drinking problem. In light of these circumstances we cannot conclude the judge abused his discretion or Sincup was denied due process in the revocation proceedings. *Prellwitz v. Berg*, 578 F.2d 190, 193 (7th Cir. 1978); *United States v. Burkhalter*, 588 F.2d 604, 606–607 (8th Cir. 1978). *People v. Hainline*, 21 Ill.App.3d 1080, 316 N.E.2d 565, 567 (1974).

■ Finally, petitioner contends the court's revocation order is inadequate because, though it states a violation occurred on October 7, 1979, it recites neither the evidentiary basis for the ruling nor the contemplated alternatives to revocation. While the order may be less than model, it is not violative of due process.[4] The order, explicitly averring the nature of the violation (consumption of intoxicants on October 7, 1979), when conjoined with the transcript, affords an ample basis to gauge the evidentiary support and rationale for the court's determination. *Abel v. Wyrick*, 574 S.W.2d 411, 421 (Mo. banc 1978). *Ryan v. Wyrick*, 518 S.W.2d 89, 94 (Mo.App.1974).

The record of this probation revocation proceeding reveals adherence to the mandates of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and accordance with the required aspects of due process. The record also discloses a sufficient evidentiary basis for the hearing judge's determination that an infraction occurred.

■ In parole or probation revocation proceedings the trial court has a superior vantage point on the demeanor and credibility of witnesses as well as the predictive judgment whether further violations are apt to occur. Cf. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d

484 (1972). Where, as here, probationer engages in a flagrant public breach of a special condition of probation shortly after the importance of compliance with his agreement has been emphasized to him, this Court is unwilling to supplant the judgment of the hearing judge. The writ of habeas corpus is quashed and petitioner is remanded to the custody of respondent.

WELLIVER, MORGAN and HIGGINS, JJ., and WELBORN, Special Judge, concur.

SEILER, J., dissents in separate dissenting opinion filed.

BARDGETT, C. J., dissents and concurs in separate dissenting opinion of SEILER, J.

DONNELLY, J., not sitting.

SEILER, Judge, dissenting.

I respectfully dissent. For reasons stated below, our system of probation does not intend or permit the indiscriminate revocation of probation and automatic commitment to imprisonment as was done here.

### I

The trial court found that defendant did on October 7, 1979 drink intoxicating beverages, to wit, Busch beer, and that this constituted violation of a special condition of his probation, for which probation was revoked.

The single bit of evidence on which this finding rests is that a deputy sheriff saw defendant drink from a can labelled Busch beer.

I doubt if this is sufficient. There is no direct proof as to what was in the can. Even if it is reasonable to assume that a can bearing the name or label Busch contained beer, the later Missouri cases have

---

tended as an iron-clad code of criminal procedure." *Brandt v. Percich*, 507 S.W.2d 951, 956 (Mo.App.1974). Just because two inquiries are required in the revocation decision (i. e. whether a violation has occurred, and if so, whether revocation is proper in light of all the circumstances), a bifurcated hearing is not compelled.

4. As previously recognized, the better practice suggests that an order specify the violation, supply the evidentiary basis for that finding, and state the court's rationale for revocation. *Abel v. Wyrick*, 574 S.W.2d 411, 421 (Mo. banc 1978); *Ryan v. Wyrick*, 518 S.W.2d 89, 94 (Mo. App.1974).

consistently refused to take judicial notice that any beverage called "beer" is intoxicating or contains alcohol. *State v. Maupin,* 268 S.W.2d 39, 40 (Mo.App.1954); *State v. Henry,* 254 S.W.2d 307, 309 (Mo.App.1953); *State v. Malone,* 238 Mo.App. 939, 192 S.W.2d 68, 71 (1946).[1] The principal opinion does not mention these cases.

In the Ohio case cited in the principal opinion, *State v. Miller,* 45 Ohio App.2d 301, 345 N.E.2d 82, 85 (1975), there was a special condition that defendant "refrain completely from the use of intoxicating liquors", but there is no similarity on the facts beyond that. The defendant in the Ohio case was seen leaving a bar after midnight; he then created a disturbance in a nursing home, twice passed out, and a few hours later was found in an intoxicated condition on the floor of his living room. There was no evidence as to what he had been drinking, but the court said it could fairly be inferred that he had not refrained completely from the use of intoxicating liquor. This, of course, is true, but there is no evidence of this kind in our case.

The prohibition here was against drinking intoxicants. Under the Missouri cases, the prosecution failed in its proof. Unless the trial court could somehow know judicially that the can contained intoxicants, which under the Missouri law cannot be done merely from the fact the label on the can said Busch beer, there is no proof that the defendant drank any intoxicants at the specific time and place in question.

There was no evidence that defendant was intoxicated or showed any signs of intoxication. He was not causing a disturbance. There was no evidence of any smell of intoxicants.

The principal opinion relates that two witnesses saw defendant holding a can of beer. This cannot be considered evidence that he drank intoxicants. Neither witness saw him drink anything. Neither witness even said the can was open. The principal opinion also relates that on two or three occasions a person accompanying defendant purchased a case of Busch beer and placed it in the vehicle defendant was driving. This is not proof that defendant violated the prohibition against drinking intoxicants, nor did the trial judge so find. The trial judge found, as the principal opinion recites, that defendant consumed alcohol the night of the fire, October 7, 1979. The evidence is too flimsy to support the finding. I do not believe the trial court had any right to revoke probation on the ground stated under the record before us.

II

Even if we assume that there was evidence supporting the conclusion that defendant violated the terms of probation by taking a drink from a can of beer on the night in question, the trial court abused its discretion in revoking probation on that ground and committing defendant to eight years imprisonment. The principal opinion recognizes that this court must determine whether or not the trial judge has abused his discretion in revoking probation. The discretion of the trial judge is not absolute or unreviewable. The question to be resolved once the matter reaches the appellate court (in this instance through habeas corpus) is whether in revoking probation the trial judge abused his discretion. *State v. Gideon,* 510 S.W.2d 190, 192 (Mo.App. 1964). The action cannot be "arbitrary or capricious", nor can the defendant be made "the victim of whim or caprice." *State v. Wilhite,* 492 S.W.2d 397, 399 (Mo.App.1964).

"An abuse of discretion is an erroneous finding and judgment which is clearly contrary to the facts and circumstances before the court—a judicial act which is untenable and clearly against reason and which works an injustice." *State v. LeTourneau,* 515 S.W.2d 838, 844 (Mo.App.1974).

In considering the facts and circumstances before the court and whether there was an abuse of discretion, there are certain

---

1. *But see State v. Wills,* 154 Mo.App. 605, 136 S.W. 25 (1911) and *State v. Mitchell,* 134 Mo. App. 540, 114 S.W. 1113 (1908).

principles involved: the decision to revoke probation should not be a reflexive reaction to a technical violation.[2] *United States v. Reed,* 573 F.2d 1020, 1024 (8th Cir. 1978). The purposes of probation are to help individuals reintegrate into society as constructive individuals as soon as they are able and to alleviate the costs to society of keeping an individual in prison. *Morrissey v. Brewer,* 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484 (1972). One placed on parole or probation "is entitled to retain his liberty as long as he *substantially abides by the conditions* ..." *Ibid* at 479 (emphasis added). "[P]robation should be revoked only in those instances in which the offender's behavior demonstrates that he or she 'cannot be counted on to avoid antisocial activity.'" *Reed,* 573 F.2d at 1024.

As earlier stated, the ground found by the court is that defendant violated the terms of his probation in taking a drink from a can of beer. There was no proof that defendant was then or at any other time engaging in any antisocial activity. He was doing no more than watching a house on fire in a rural area. There is no evidence that drinking was involved in the second degree burglary to which he pleaded guilty. Outside of the beer situation, there was no proof worthy of the name that he had violated any of the other terms of probation. While it is not definitely stated, the inference from defendant's witnesses is that he was working and living at home with his parents. Aside from having a can of beer in his hand, there is nothing to indicate defendant was not getting along all right on probation. There was no showing that any steps were needed to protect society. Where the most damning circumstance against petitioner is that he took a sip of beer, it is clear that he is substantially abiding by the conditions of probation and in the absence of any antisocial conduct, is entitled to retain his liberty.

The principal opinion characterizes defendant's conduct as blatant and flagrant.

"Blatant" carries a meaning such as offensive, obtrusive, demanding undue attention, obstreperous. Its antonym is decorous, reticent. "Flagrant" means glaring, rank, nefarious, monstrous, outstandingly bad, in the sense sought to be conveyed here. Neither description used is fitting. A sip of beer is a sip of beer and calling it blatant or flagrant does not change the fact. There is no evidence whatever that defendant was parading the can of beer or whatever drinking he did from it. He was not attempting to attract attention or insult anyone. He was standing quietly at the scene of a fire. The occasion was not a public gathering of any sort, arranged in advance. While the record is not very clear, there is no evidence of more than a few persons being present.

Stripped of color words, the facts are that at most defendant drank from a can of beer while watching a fire in the country, in the presence of a deputy sheriff. This deviation from the literal observance of the condition of the probation does not warrant being sent to the penitentiary for eight years. The action taken by the court is out of all proportion to the violation committed. The trial judge abused his discretion. The ground given is untenable, his action was against reason, and it worked an injustice on a defendant who was getting along all right on probation.

### III

Finally, even if points I and II above can somehow be disregarded, under our own decision of *Abel v. Wyrick,* 574 S.W.2d 411, 419 (Mo. banc 1978) a remand is required because the trial court did not consider the alternatives to incarceration. Even where a violation of a condition of probation is not technical, a judge must give more than cursory consideration to the alternatives. In *Abel* we said as follows:

"It is clear that the judge did not consider alternatives to incarceration or the relative benefits of incarceration to petitioner and to society, as opposed to the

---

2. The state conceded in oral argument that petitioner's alleged violation was technical and that the condition in question was not related

to the circumstances of the offense for which petitioner was placed on probation.

benefits of some alternative treatment, but simply decided to incarcerate on the basis of the broken conditions of probation themselves. On these facts, this was an abuse of discretion. The judge at a probation revocation hearing must allow a probationer a meaningful opportunity to present his evidence, and must consider that evidence."

The principal opinion concedes that the *Abel* case mandates consideration of alternatives, but concludes sufficient consideration was given by the trial court, referring to the testimony of the probation officer and the remarks of defendant's counsel.

The probation officer testified that he had "determined" that in the past defendant "had abused alcohol quite extensively". No details or supporting data were given and as earlier mentioned, there is no indication that drinking was in any way connected with or a contributing cause to the second degree burglary which got defendant into trouble in the first place. As to rehabilitation, the officer testified that defendant had obtained a job at Brown Shoe Company and that while there were rehabilitation programs available, he had made no suggestions to defendant as to any such program. Defendant had never been put into any type of alcoholic treatment program and in response to the question as to whether he had requested defendant voluntarily to enter a program, the response was, "He never admitted having a drinking problem".

In this connection the principal opinion points out there is no claim that defendant is an alcoholic (this was in support of the legitimacy of the special condition against using intoxicants–it was not unreasonable because defendant was not an alcoholic), yet then treats defendant as an acknowledged alcoholic and justifies the absence of any effort by the probation officer to put defendant into an alcoholic treatment program on the ground that defendant "never admitted having a drinking problem", an

admission which is commonly regarded as essential from an alcoholic before alcohol treatment programs are effective.[3]

There is nothing in this record to justify assuming defendant is an alcoholic (or excusing efforts to help him on that ground). In the course of trying to justify two other grounds for revocation of probation (both of which failed completely of proof), there was a good deal of testimony about defendant's activities in the neighborhood, but no evidence that defendant had been seen intoxicated or that he was "abusing" alcohol. As earlier pointed out, it is not even claimed that he was intoxicated on the evening of the fire.

As for what defendant's lawyer said to the court, he discussed briefly the merits of the case–whether there was any probation violation at all. He did point out that defendant had not been put in any type of available rehabilitation program, but neither he nor anyone else made any specific suggestions or offered any plan. He concluded by asking that if probation were revoked that a second probation be granted and defendant be admitted to a rehabilitative program.

The court's response was immediate and was as follows:

"The Court finds from the evidence that on October 7th, 1979, in the County of St. Francois and State of Missouri, the Defendant did drink intoxicating beverages, to–wit, Busch beer, in St. Francois County. The Court finds from the evidence that the Defendant did violate special condition number 9 of his probation, which is that he was ordered not to drink intoxicants at any time or place.

"The Court finds from the evidence that he has violated that special condition of his probation, and the Court does revoke the Defendant's probation for that violation.

"Mr. Sincup, do you know of any lawful reason why the Court should not impose sentence upon you in accordance

**3.** *See* Alcoholism and Alcoholics, Questions and Answers about Alcoholics Anonymous, pp. 6 7 (1952).

with this Court's sentence on September 7th, 1979?"

Not one word was said to indicate any consideration by the court of alternatives. The record demonstrates a reflexive, discretionless reaction to a technical violation of the special condition of probation about intoxicants. The court, as said in *Abel v. Wyrick, supra,* "simply decided to incarcerate on the basis" of the can of beer incident. Alternatives were not considered or mentioned by the court. The court ignored defendant's effort to be a productive member of society and severed him from his job, his community, and his family. Petitioner's status as a probationer should be restored and if probation is to be revoked the trial court should exercise his discretion to consider the alternatives to imprisonment in accord with the guidelines set forth in *Abel.*