STATE ex rel. James R. DOUGLAS,
Relator,

v.

William E. BUDER, Judge, Respondent.

No. 57779.

Supreme Court of Missouri,
En Banc.

Sept. 19, 1972.

Rehearing Denied Nov. 13, 1972.

London & Greenberg, Norman S. London, Lawrence J. Fleming, St. Louis, for relator, James R. Douglas.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

This is an original action in prohibition.

On November 11, 1971, James R. Douglas (relator) pleaded guilty to two charges of manslaughter before Judge Buder (respondent). Imposition of sentence was suspended and relator was placed on probation for four years. As a condition of probation relator was not to drink intoxicating liquors or to frequent establishments where they are sold.

Thereafter, at the probation office, relator signed a form which set out other con-

ditions of probation. One of those conditions was that "all arrests for any reason must be reported without delay to my probation and parole officer."

On January 20, 1972, while driving a truck in the course of his employment, relator was involved in a seven-vehicle chain collision which occurred in a dense fog on a highway in Arkansas. Relator's vehicle was the fourth vehicle in the seven-vehicle accident. The driver of the sixth vehicle was killed. The driver of the first vehicle was issued a traffic citation for failure to yield the right-of-way. The driver of the second vehicle was issued no citation, and the drivers of all the other vehicles were issued citations for driving too fast for conditions.

Relator advised his probation officer of the accident and the traffic citation at his next scheduled report date on January 31, 1972. At the subsequent probation revocation hearing, relator testified that he was not jailed or required to post bond as a result of the traffic citation and that he did not consider himself under arrest. The probation officer recommended continued probation. At the conclusion of the hearing respondent revoked probation and sentenced relator to two years on each of the two previous charges, the terms to run concurrently. Respondent indicated that the primary reason for revoking probation was the failure of relator to report the traffic citation promptly.

We reach the following conclusions:

■ (1) The power of respondent to grant probation was dependent upon the authorization given him by V.A.M.S. §§ 549.058–549.197. (Cf. Ex Parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129; Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62.)

(2) V.A.M.S. § 549.141 provides that respondent's action in revoking relator's probation "is not subject to review" by this Court.

■ (3) However, the United States Supreme Court, in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (decided June 29, 1972), has now declared that the liberty granted a probationer or parolee is a *right* (and not a *privilege*) which, *once given,* cannot be withdrawn in such a way as to deny him due process under the Fourteenth Amendment to the Constitution of the United States.

(4) *Procedural* due process is not at issue in this case. Relator was given notice and an opportunity to be heard on the question of revocation of probation. We need not decide whether all that is said in *Morrissey,* supra, applies to revocation of probation or parole by a *judge. Morrissey,* supra, involved revocation of parole by the Iowa Board of Parole (Cf. V.A.M.S. § 549.265).

■ (5) The question in this case is whether relator was denied *substantive* due process by the revocation of probation. The question does not turn on whether the judges of this Court, had we been sitting in respondent's place, would have revoked the probation. A denial of due process is shown only when this Court must say that respondent's action in revoking probation "amounts to mere arbitrary or capricious exercise of power * * *" (American Railway Express Company v. Kentucky, 273 U.S. 269, 273, 47 S.Ct. 353, 355, 71 L. Ed. 639), or, to say it another way, that relator is "the victim of whim or caprice." (Burns v. United States, 287 U.S. 216, 223, 53 S.Ct. 154, 156, 77 L.Ed. 266.)

■ We have reviewed the record, have applied the above standards, and have concluded that relator was not denied due process.

The provisional rule in prohibition should be discharged and the writ of prohibition denied. It is so ordered.

FINCH, C. J., and HOLMAN and HENLEY, JJ., concur.

SEILER, J., dissents in separate dissenting opinion filed.

MORGAN and BARDGETT, JJ., dissent and concur in dissenting opinion of SEILER, J.

SEILER, Judge (dissenting).

I respectfully dissent. My reason is that while relator had a hearing with notice and counsel, there was no evidence presented at the hearing on which the court could find there had been a violation of any of the conditions of probation. What avail is it to have a hearing with all the procedural safeguards, if it matters not whether there is evidence on which it can reasonably be found there was a probation violation? In Morrissey v. Brewer, supra, 408 U.S. 471 at p. 479, 92 S.Ct. 2593 at p. 2599, 33 L.Ed.2d 484, the court said: ". . . The first step in a revocation decision thus involves a wholly retroactive factual question: whether the parolee *has in fact acted in violation* of one or more conditions of his parole. Only if it is determined that the parolee *did violate the conditions* does the second question arise: should the parolee be recommitted to prison . . ." (emphasis added).

". . .

"(92 S.Ct. p. 2601) . . . The parolee has relied on at least an implicit promise that parole will be revoked *only if he fails to live up to the parole conditions* . . ." (emphasis added).

". . .

"(92 S.Ct. p. 2601) This discretionary aspect of the revocation decision need not be reached unless there is first an appropriate determination that the individual *has in fact breached the conditions of the parole* . . ." (emphasis added).

Just as due process requires there must be evidence to support a conviction, Garner v. Louisiana, 368 U.S. 157, 164, 82 S.Ct. 248, 7 L.Ed.2d 207; In re Oliver, 333 U.S. 257, 273, 68 S.Ct. 499, 92 L.Ed. 682; Gregory v. Chicago, 394 U.S. 111, 112, 89 S.Ct. 946, 22 L.Ed.2d 134; Thompson v. Louisville, 362 U.S. 199, 206, 80 S.Ct. 624, 4 L.Ed.2d 654; California v. Green, 399 U.S. 149, 187, 90 S.Ct. 1930, 26 L.Ed.2d 489 (Harlan, J., concurring) so in order for substantive due process to be satisfied here, there must be evidence to support a finding there has been violation of a condition or conditions of the probation in order to revoke it. That is what is missing here.

In my opinion, under Morrissey v. Brewer, a parole revocation or a probation revocation cannot be founded on no evidence. As the majority opinion correctly states, Morrissey holds that the liberty granted either a probationer or a parolee is a right, and once given cannot be withdrawn without due process.

There was no evidence (in fact, it was not even contended) that relator had been drinking or had been in a bar on the occasion in question. Relator was in the course of his regular work, driving a truck from St. Louis to Little Rock.

Likewise, there is no evidence that relator was arrested. The condition of probation was that relator report all arrests without delay. All relator received in Arkansas was a traffic citation. He did report the accident and the fact that he received the traffic citation to the probation officer on his next scheduled reporting date, some eleven days after the accident.

The trial court found that relator had been issued the traffic citation, but did not find that this constituted an *arrest* or that relator was *arrested*. The undisputed evidence was that relator was not taken into custody and was not required to post bail. The trooper did not chase relator or stop him. Relator was at the scene, his truck disabled, and there remained, trying to assist the victims and was there when the patrol arrived. Relator was given the traffic citation or summons and allowed to go on

his way. There is no evidence that he was in custody at any time and relator did not understand that he had been arrested. The attorney for the state stated to the trial court that, ". . . the State takes the position that Mr. Douglas has not violated any conditions of his probation . . ." The probation officer to whom relator was required to report, with full knowledge of the circumstances of the Arkansas accident, the issuance of the citation, and the date on which relator reported the occurrence, testified that relator did not violate any of the terms or conditions of his probation. The trial court was not, of course, bound by these expressions, but the testimony of the probation officer takes on added significance in this case because relator was under the direct supervision of that officer. It was to the probation officer that relator was required to report at certain scheduled times and the reporting of arrests condition was one of several conditions contained in the form used by the State Board of Probation and Parole when the court assigns a probationer to the supervision of the board, as was done here.

"Arrest" is defined by Sec. 544.180, V. A.M.S., as follows: "An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise. The officer must inform the defendant by what authority he acts, and must also show the warrant if required".

There was no evidence of actual restraint of relator and relator was never taken into custody by the officer at the scene of the accident or elsewhere, as pointed out above. At most relator received a summons. What the summons required the relator to do is not in evidence, although we should assume it required relator to do the same thing as if he received a like summons in Missouri pursuant to rule 37.09, V.A.M.R., since relator was placed on probation in Missouri and the understanding of terms ought to be as they are defined by Missouri law. A summons issued pursuant to rule 37.09 requires a party to appear in court and failure to appear authorizes the court to issue a warrant for the arrest of said person. See also rule 37.48. The issuance of the summons per se is not an arrest, but is in lieu of an arrest, rule 37.09, supra.

As stated, the court did not find that relator had been arrested and the record reveals no evidence upon which such a finding could be made, or a finding that there was any violation of the conditions pertaining to use of liquor or frequenting bars. Rather, it affirmatively appears from the record that relator did not violate the conditions of probation. Therefore it follows that the court did not have the right to revoke probation on the ground set forth. The order revoking relator's probation was in excess of the court's jurisdiction.

I would make our preliminary rule absolute.