STATE of Missouri, Plaintiff-Respondent,

v.

Tommy WILHITE, Defendant-Appellant.

No. 9467.

Missouri Court of Appeals,
Springfield District.

March 6, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

James M. Reed, Kansas City, for defendant-appellant.

BILLINGS, Judge.

This is an appeal from the order of the Circuit Court of Wayne County, Missouri, revoking defendant's parole and ordering him committed pursuant to sentences previously imposed. We affirm.

On September 3, 1970, defendant entered pleas of guilty to charges of burglary and stealing in connection therewith and was sentenced to two years on each charge. The court granted defendant a parole and placed him under the supervision of the State Board of Probation and Parole.

Following an evidentiary hearing on March 6, 1972, with defendant being represented by counsel, the court found "beyond a reasonable doubt" that defendant had violated condition 14 ["I shall obey the laws and ordinances of the United States, the state, county or municipality."] of his parole by "feloniously, if not burglariously" stealing a stereo set.

At the revocation hearing it was established that by reason of repeated break-ins of the McAllister residence in the Marquand, Missouri, area a deputy sheriff had set up a flash camera inside the residence with a hook-up attached to the stereo set so that lifting of the set would activate the camera and take a photograph of the area around the stereo.

The residence was checked by the deputy about 7:30 o'clock p. m. on the night of February 8, 1972, and "everything was fine". Two hours later a second inspection disclosed that the house had been broken into and the stereo set removed. The camera was taken to a photographer [who was also a deputy sheriff] and the exposed film developed. A finished photograph was handed to the sheriff about mid-night and from it he recognized the defendant. A search for defendant in Wayne County that night was unsuccessful. The sheriff learned from a parole officer that defendant was living at the Happy Valley Trailer Court in Fenton, Missouri. The sheriff notified Jefferson County authorities that a warrant had been issued for defendant and requested an officer be sent to defendant's address to see if a Ford station wagon and the stereo were located there.

Officer DeClue drove to defendant's place of residence the following morning and saw a Ford station wagon parked in the driveway. In the vehicle he could see a stereo set which was later identified as being the one taken from the McAllister home. The officer found the defendant in bed and took him into custody. Defendant did not testify at the revocation hearing and did not offer any evidence.

The sole issue raised in his appeal is the sufficiency of the evidence underlying the revocation of his parole.

The power of the trial court to grant defendant a parole is found in § 549.058–549.197, RSMo 1969, V.A.M.S., and under § 549.141 the action of the trial court in revoking the parole "is not subject to review". State ex rel. Douglas v. Buder, Mo., en banc, 485 S.W.2d 609. But *Douglas* followed Morrissey v. Brewer, 408 U. S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (decided June 29, 1972), that held the liberty granted a petitioner or parolee is a right which, once given, cannot be withdrawn in such a way as to deny him due process under the Fourteenth Amendment to the Constitution of the United States.[1]

Thus, despite the explicit summary authority to revoke a judicial parole found in § 549.101 and the denial of review enunciated in § 549.141, and the instant proceedings pre-dating the decisions in *Douglas* and *Morrissey*, we have reviewed the record to determine whether the action of the trial court was "arbitrary or capricious" [American Railway Express Company v. Kentucky, 273 U.S. 269, 47 S.Ct. 353, 71 L.Ed. 639] or, the defendant was "the victim of whim or caprice" [Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266]. And, as stated in *Douglas* at page 610 of 485 S.W.2d, ". . . The question does not turn on whether the judges of this Court, had we been sitting . . . would have revoked the probation."[2]

The authorities cited by defendant in his brief are all cases discussing the sufficiency of the evidence to support a *criminal conviction* and are not applicable to a parole revocation proceeding. The degree of proof necesary for parole or probation revocation is less than that required to sustain a criminal conviction. The hearing judge need only be reasonably satisfied that the terms of the parole have been violated, and the sole question on review is whether he abused his discretion in entering the order of revocation. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; United States v. D'Amato, 3 Cir., 429 F.2d 1284. And there need not be evidence which would establish beyond a reasonable doubt guilt of a criminal offense. Yates v. United States, 10 Cir., 308 F.2d 737.[3]

In our limited review we decline defendant's invitations to weigh the evidence, or, substitute our judgment for that of the trial court. We adhere to the view expressed in *Douglas* that our appellate function is limited solely to a determination that due process surrounded and permeated the revocation of defendant's judicial parole.

We find there was no abuse of discretion in the revocation of defendant's parole and therefore no denial of due process. The judgment is affirmed.

TITUS, C. J., and STONE and HOGAN, JJ., concur.

1. In *Douglas* the majority observed that *Morrissey* involved revocation of parole by the Iowa Board of Parole and said it was not necessary to decide whether all that was said in *Morrissey* applied to a revocation of probation or parole by a judge.

2. As noted in McCulley v. State of Missouri, Mo., 486 S.W.2d 419, 423, "The words 'probation' and 'parole' are often- times used interchangeably when the court, exercising its discretion under § 549.071, subd. 1, permits a defendant to remain at liberty regardless of whether sentence was imposed or not and even though the defendant was not initially confined following the sentencing."

3. See also State v. Brantley, Mo., 353 S.W. 2d 793; Annot., 29 A.L.R.2d 1074 (1953).