**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jackie Lewis GIDEON, Defendant-Appellant.**

**No. 9442.**

Missouri Court of Appeals,
Springfield District.

May 20, 1974.

——◆——

Almon H. Maus, Monett, for defendant-appellant.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

ROBERT LEE CAMPBELL, Special Judge.

On November 9, 1970, defendant entered a plea of guilty to a charge of escaping jail. He was sentenced to two years in the custody of the Missouri Department of Corrections and placed on judicial parole (probation) subject to the supervision of the State Department of Probation and Parole. An order of probation was signed by defendant, and one of the conditions of probation was, "I shall obey the laws and ordinances of the United States, the State, county or municipality."

On December 9, 1971, defendant entered a plea of guilty to a charge of receiving and concealing a stolen motor vehicle moving in interstate commerce, in the United States District Court in and for the Western District of Missouri, Southern Division. On January 3, 1972, defendant was sentenced to a term of imprisonment for a period of three years on his plea of guilty.

On September 5, 1972, the trial court held a revocation hearing and revoked defendant's probation. At the hearing a copy of defendant's conviction in the federal court was received in evidence without objection. Defendant's probation was revoked, and defendant was ordered to serve the two year sentence theretofore imposed by the court.

■ Defendant raises three points on appeal. Rule 84.04(d), V.A.M.R., requires that, "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous . . . . Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule." Although each point raised by defendant preserves nothing for appellate review, we will nevertheless consider points raised in the argument portion of the brief.

Defendant's first point is: "Appellant did have a right to a hearing upon the revocation of his parole and does have the right to appeal from the adverse decision upon that hearing."

■ In defendant's brief and in oral argument he relies upon Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), solely for the proposition that since a hearing is now required, an appeal from the hearing must be permitted. Defendant admitted the violation of his probation by his plea of guilty in the federal court. The procedure set forth in the Morrissey case is inapplicable, as evidenced by the language of the opinion, 408 U.S. at 490, 92 S.Ct. at 2605, 33 L.Ed.2d at 499, to wit: "In the peculiar posture of this case, given the absence of an adequate record, we conclude the ends of justice will be best served by remanding the case to the Court of Appeals for its return of the two consolidated cases to the District Court with directions to make findings on the procedures actually followed by the Parole Board in these two revocations. If it is determined that petitioners admitted parole violations to the Parole Board, as [Iowa] contends, and if those violations are found to be reasonable grounds for revoking parole *under state standards*, that would end the matter." (Emphasis ours)

Defendant did have a hearing prior to revocation of his probation. In fact, an attorney was appointed to represent defendant and secured a continuance from the first setting of the revocation hearing on August 14, 1972, to September 5, 1972, in order that he might prepare for the revocation hearing.

As we held in State v. Wilhite, 492 S.W.2d 397 (Mo.App.1973), the sole question is whether the trial court abused his discretion in revoking probation. Defendant does not have a right of appeal from a revocation of probation after a hearing thereon. See State v. Phillips, 443 S.W.2d 139 (Mo.1969), and Green v. State, 494 S.W.2d 356 (Mo. banc 1973). Nevertheless, we will treat his appeal as an original application for a writ of habeas corpus as requested by defendant's counsel in oral argument.

Defendant's second point is: "There was no evidence upon which to base the revocation of the parole of Appellant and the cause should be reversed and remanded." Defendant's position is that, although the record shows that defendant entered a plea of guilty in federal court on December 9, 1971, and was sentenced by that court on January 3, 1972, the record is silent and does not show the date the offense was committed. Defendant argues that his probation could not be revoked unless it was affirmatively shown in the trial court that the crime to which he pled guilty in the federal court occurred after being placed on probation by the trial court. He argues that the offense *could have occurred* prior to being placed on probation and, if so, the revocation of his probation was "arbitrary" and a denial of due process. It is interesting to note from the transcript that defendant's contention in the trial court was that he was led to believe his probation had terminated prior to entering a guilty plea in federal court.

The state has filed in this court as an exhibit on appeal a copy of the indictment containing the charge to which the appellant pled guilty in the federal court on December 9, 1971. The indictment clearly discloses that the offense to which the defendant pled guilty occurred on June 8, 1971, seven months after defendant was placed on probation. We realize that an appellate court should not consider on appeal evidence which was not introduced in the trial court. Turner v. Missouri-Kansas-Texas R. Co., 346 Mo. 28, 142 S.W.2d 455 (1940). Since we are treating this appeal as an application for habeas corpus, we consider the exhibit. We also cannot say that the trial court did not know all of the details surrounding the offense to which defendant entered a plea of guilty in the federal court. All of this information may well have been furnished by the State Board of Probation and Parole in violation reports to the court. The burden is upon defendant to establish that the action of the trial court in revoking his probation was arbitrary and a denial of due process. Defendant has failed to sustain his burden of proving that he is being illegally restrained.

Defendant's final point on appeal is: "Even if there had been evidence upon which to base the revocation of the parole of Appellant, the time Appellant served on parole should have been counted as time served under his sentence." Defendant cites § 549.265, RSMo 1969, V.A.M.S., which requires the Board of Probation and Parole to count time served on parole as time served under the sentence under certain circumstances. Defendant reasons that, since he would have been given credit on his jail time for time spent on parole if he had been on parole and revoked by the State Board of Probation and Parole, the refusal of the court to grant him credit for time spent on parole (or probation) would be a denial of equal protection under the Fourteenth Amendment of the Constitution of the United States. § 549.101, RSMo 1969, V.A.M.S., provides, in part: "The court in its discretion may order the allowance in mitigation of the sentence credit for all or for part of the time the defend-

ant was upon probation or parole." Credit for all or part of the time the defendant was upon probation or parole is thus clearly within the discretion of the trial court and will not be disturbed on appeal. A similar contention was raised and denied in the case of United States ex rel. McGill v. Schubin, 475 F.2d 1257 (2d Cir. 1973).

The judgment and sentence of the trial court are affirmed.

STONE, TITUS and BILLINGS, JJ., concur.

HOGAN, C. J., not sitting.

**G. C. J., Petitioner,**