STATE of Missouri, Plaintiff-Respondent,

v.

Michael Archie MADISON, Defendant-Appellant.

No. 35954.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 4, 1975.

Kenneth Rohrer, Farmington, for defendant-appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

In August of 1973, the defendant was convicted of tampering with a motor vehicle. He was placed on three years probation. On January 14, 1974, following a preliminary and final hearing, defendant's probation was revoked by decision of the Circuit Court of St. Francois County, Missouri. Defendant appealed from that decision alleging a denial of due process. Appeal dismissed for reasons hereinafter stated.

Initially, the court, upon the state's motion, must consider whether the case is properly presented to the appellate court as a direct appeal. Missouri statutes expressly provide that "The action of any *court* in granting, denying, revoking, altering, extending or terminating any order placing a defendant upon probation or parole is not subject to review by any appellate court", V.A.M.S. § 549.141. There is some suggestion, however, that the recent United States Supreme Court decision on the due process requirement of probation revocation proceedings, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), may make unconstitutional a complete preclusion of judicial review of revocation proceedings.

This effect of Morrissey was recognized in State v. Wilhite, 492 S.W.2d 397 (Mo. App.1973), where the court noted an appropriate appellate function limited to a "determination that due process surrounded and permeated the revocation of defendant's judicial parole", State v. Wilhite, supra, at 399. In Wilhite, this review was actually allowed by the avenue of direct appeal, but the court did not indicate that

the provision of a direct appeal is required. In fact, subsequent to Wilhite, the same appellate court expressly held that direct appeal is not an allowable type of review, State v. Camden, 514 S.W.2d 181 (Mo. App.1974), at the same time recognizing acceptable approaches by a writ of prohibition or a proceeding of habeas corpus.

In the most recent Missouri Supreme Court treatment of the issue of the availability of judicial review of probation revocation proceedings, the court recognized the statutory limitation of judicial review without commenting on its constitutionality, State ex rel. Douglas v. Buder, 485 S.W.2d 609 (Mo.Banc 1972). In Douglas, review of revocation proceedings was allowed by a writ of prohibition. No Missouri case has been discovered which challenges the constitutionality of the statutory prohibition of review, V.A.M.S. § 549.141. This court is bound by the statute. It is for the Supreme Court to rule on the constitutionality of statutes, Mo.Const., Art. V, § III, V.A.M.S.

■ The right of appeal is purely statutory, § 81.01, V.A.M.R. There is no due process requirement of the existence of a direct appeal. As previously indicated, due process may require some judicial review in the present case, Morrissey v. Brewer, supra, but such review must be had by a writ of prohibition or a proceeding in habeas corpus, State v. Camden, supra.

■ Petitioner has attempted to amend his action to one of habeas corpus. The procedure seems irregular. Petitioner cites no cases allowing for such an amendment. No formal writ of habeas corpus has been presented to this court. In a somewhat similar situation, a petitioner sought to amend his 27.26 proceeding to an original writ of habeas corpus, Green v. State, 494 S.W.2d 356 (Mo.En Banc 1973). The court refused to exercise "the extreme discretionary power of adopting the informal procedure . . .," Green v. State, supra, at 358.

Appeal dismissed without prejudice to the appellant's commencement of a proper proceeding, if he is so advised.

Appeal dismissed.

SIMEONE, P. J., and GUNN, J., concur.