**STATE of Missouri, Respondent,**

v.

**Theodore Lafayette EWING, Appellant.**

**No. KCD 26944.**

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

Willard B. Bunch, Public Defender, Cenobio Lozano, Jr., Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

Defendant has filed a direct appeal from the order of the circuit court revoking his probation. Defendant had pleaded guilty to two charges of robbery in the first degree and had received two ten-year sentences to run consecutively. He was placed on probation after such plea for a period of five years.

Within the five-year period of probation, defendant was charged with robbery in East St. Louis, Illinois, and was charged with robbery in St. Louis County Missouri. After these two charges were brought to the attention of the court, the court issued a capias, the defendant was taken into custody, and has been held since that time.

Subsequent to the issuance of the capias, the court, on its own motion, appointed counsel for defendant and set a revocation hearing. After the revocation hearing, the court ordered the probation revoked on each ten-year sentence and ordered defendant to serve those sentences. Defendant has filed a direct appeal from the order revoking defendant's probation on each conviction.

At the threshold of this case is a motion by the State to dismiss this appeal on the grounds there is no appeal provided from an order revoking parole and probation, and in fact, such appeal is prohibited by § 549.-141 RSMo 1969, V.A.M.S.

The question of whether or not a direct appeal will lie from an order revoking parole or probation was decided by the Springfield District of the Court of Appeals in State v. Camden, 514 S.W.2d 181 (1974). In that case the court held direct appeal was prohibited by § 549.141 and by the holding of the Supreme Court in State v. Phillips, 443 S.W.2d 139 (Mo.1969) and State v. Gideon, 510 S.W.2d 190 (Mo.App. 1974). The St. Louis District reached the same result in State v. Madison, 519 S.W. 2d 369 (Mo.App.1975).

It may be noted that *Phillips* was decided prior to the decision by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Subsequent to the decision in *Morrissey,* the Missouri Supreme Court decided State ex rel. Douglas v. Buder, 485 S.W.2d 609 (Mo. banc 1972), [reversed on other grounds 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973)]. In *Douglas* the court held that since *Morrissey* "the liberty granted a probationer or parolee is a *right* (and not a privilege) which, *once given,* cannot be withdrawn in such a way

as to deny him due process . . . ." *Douglas* involved a writ of prohibition and the import of that case would seem to be that since *Morrissey* some type of review of the revocation of probation or parole is mandatory to assure that such revocation was made after affording due process.

In State v. Wilhite, 492 S.W.2d 397 (Mo. App.1973) the court reviewed a revocation of parole on a direct appeal. However, the question was not raised nor decided as to the propriety of a direct appeal from such an order.

In *Gideon* the court accepted the invitation of defendant's counsel to treat the direct appeal as an original application for a writ of habeas corpus and by so treating it, reviewed the order revoking probation.

In Smith v. State, 517 S.W.2d 148 (Mo. 1974) the court stated that notwithstanding § 549.141, an order revoking probation or parole is reviewable and cited *Douglas* and *Wilhite*.

It has also been held that an order revoking probation or parole does not come within the purview and scope of a proceeding under Rule 27.26, V.A.M.R. Green v. State, 494 S.W.2d 356 (Mo. banc 1973).

Since the decision in *Morrissey*, there would seem to be no doubt a probationer or parolee is entitled to a review of an order by which he is deprived of his liberty. However, the precise mode of such review has not been determined. It has been accomplished by prohibition as in *Douglas*, and by habeas corpus as in *Gideon*. However, in the only cases in which the right to review by direct appeal has been questioned, direct appeal has been held to be not available. State v. Camden, *supra*, State v. Madison, *supra*.

In the case at bar, defendant's counsel has not requested that his appeal be treated as an original application for a writ of habeas corpus, and has not responded to the motion to dismiss filed by the State supported by suggestions.

Until a specific rule or statute is adopted which allows direct appeal from an order revoking probation or parole, this court will adopt the view stated in State v. Camden, *supra* and State v. Madison, *supra*, and hold that review by direct appeal is not available.

There is ample provision for review by way of writ of habeas corpus or prohibition to accomplish the required review, and those procedures should be followed when factually supported.

The motion of the State to dismiss this appeal is sustained.

Appeal dismissed.

All concur.