Theodore Lafayette EWING, Petitioner,

v.

Donald W. WYRICK, Respondent.

No. 59237.

Supreme Court of Missouri,
En Banc.

April 14, 1976.

Lee M. Nation and Thomas M. Larson, Kansas City, for petitioner.

John C. Danforth, Atty. Gen., by Paul Robert Otto, Asst. Atty. Gen., for respondent.

HOLMAN, Judge.

Habeas corpus proceeding wherein the petitioner asserts that he is being unlawfully confined in the penitentiary by reason of an order and judgment of the Circuit Court of Jackson County, Missouri, which revoked his probation.

On August 18, 1970, petitioner entered a plea of guilty on two counts of first degree robbery in the Circuit Court of Jackson County, Missouri. On November 6, 1970, after a pre-sentence investigation, petitioner was, in each case, sentenced to ten years in the Missouri Department of Corrections, the sentences to run consecutively. Execution of the sentences was stayed and petitioner was placed on probation under the supervision of the Missouri State Board of Probation and Parole for a period of five years in each case. With the permission of the probation department petitioner began service of his probationary period in St. Louis, Missouri.

On August 29, 1972, petitioner was arrested in East St. Louis, Illinois, for the armed robbery of a Hill Brother's Shoe Store. On February 12, 1973, petitioner was also arrested by Brentwood, Missouri police for the armed robbery of a Schnuck's supermarket (hereinafter Brentwood robbery). After arraignment and having failed to post bond, petitioner was confined in the St. Louis County jail on February 13, 1973, to await the preliminary hearing on the charge of armed robbery arising from the Brentwood robbery. On February 21, 1973, the Circuit Court of Jackson County issued a capias warrant for the petitioner's arrest based on probation violations. Counsel was appointed to represent petitioner in the proceedings on the Brentwood robbery. A preliminary hearing on the Brentwood charge was held on March 6, 1973, in the Magistrate Court of the First District in St. Louis County. The Magistrate found there was probable cause and ordered petitioner bound over to the circuit court.

On April 16, 1973, petitioner appeared before the Circuit Court of Jackson County and counsel was appointed to represent him in the revocation proceedings. At that time petitioner was given written notice of the probation violations with which he was charged.

Petitioner applied for bail in the Circuit Court of Jackson County on May 8, 1973, which application was denied. Sometime in May, 1973, petitioner was returned to the St. Louis County jail to await trial on the Brentwood robbery charge. Prior to August 20, 1973, petitioner was returned to Jackson County for probation revocation proceedings. On August 20, 1973, petitioner, in the presence of his counsel and a probation officer, made a written request to the Missouri Board of Probation and Parole that a preliminary revocation hearing be held. The following day, August 21, 1973, a revocation hearing was held in the Circuit Court of Jackson County. At the conclusion of that hearing the trial judge revoked petitioner's probation. Petitioner's motion for reconsideration of probation revocation was denied on August 30, 1973.

On October 13, 1975, upon the petition of Ewing this court issued its writ of habeas corpus in this cause. Respondent timely filed his return. The case was subsequently briefed, argued and submitted.

We will first consider the question as to whether there was sufficient evidence presented at the revocation hearing to support a revocation of petitioner's probation. The probation reports submitted by petitioner's probation officer specified two violations of the conditions of probation which had been imposed. The two named violations were: "Failure to obtain advance permission before leaving the state, or the area in which [petitioner] was living" and "Failure to obtain advance permission from the probation officer regarding ownership or possession of a firearm." At the revocation hearing the supervising probation officer testified that petitioner's probation officer had given petitioner permission to travel in Illinois only while he was engaged in his occupation as a cab driver. The petitioner testified at the hearing that he had gone to East St. Louis to apply for employment as a janitor with the 189th School District on the day that he was arrested for the Hill Brother's Shoe Store robbery. A police officer from the Brentwood Police Department also testified as to the circumstances surrounding petitioner's arrest for the Brentwood robbery. He stated that he arrested petitioner a short distance from Schnuck's supermarket approximately five minutes

after receiving a report of the robbery and that at the time of the arrest petitioner was holding a pistol and had another pistol tucked in the waistband of his trousers. The officer further testified that a brown paper sack which was recovered from underneath the car in which petitioner was riding contained $909.03 in cash which was the exact amount of money taken in the Schnuck's robbery. Petitioner denied possession of a gun and any knowledge concerning the money under the car.

The degree of proof for a probation revocation is less than that required to sustain a criminal conviction. The hearing judge need only be reasonably satisfied that the terms of the probation have been violated. *State v. Wilhite,* 492 S.W.2d 397 (Mo. App.1973). The trial judge concluded that petitioner violated both of the conditions named by the petitioner's probation officer. We find the above evidence sufficient to support revocation.

Petitioner contends that he was denied procedural due process because of an unreasonable delay in holding a preliminary hearing to determine if there was probable cause to believe petitioner had violated the conditions of his probation. The petitioner relies on *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) to support his contention that a reasonably prompt hearing must be held to determine if there is probable cause to believe that the probationer has violated his probation.

In *Morrissey, supra,* the United States Supreme Court dealt with the procedure to be followed in administrative parole revocations. In *Gagnon* the court extended the minimum due process requirements set forth in *Morrissey* to administrative probation revocations. In Missouri probation is controlled by the judiciary. See Section 549.071,[1] *Moore v. Stamps,* 507 S.W.2d 939 (Mo.App.1974).

While neither Morrissey nor Gagnon apply directly to judicial probation the gen-eral thrust of the decisions is to require that certain minimum standards in probation revocations be followed to satisfy due process.

In *Moore v. Stamps, supra,* the court discussed Morrissey and Gagnon in some detail and specified the minimum due process requirements applicable to revocation proceedings. Among other requirements, the cases state that probation should not ordinarily be revoked until after a two-stage hearing, i. e., (1) a preliminary hearing for the determination of probable cause to be held before some impartial hearing officer shortly after arrest and (2) a more formal final revocation hearing within a reasonable time thereafter.

Petitioner contends that in this case the minimum due process requirements set forth in Morrissey and Gagnon were not met because there was no probable cause hearing. As pointed out in Moore it is possible in this state to satisfy the due process requirements of Gagnon in one judicial proceeding if all the requirements of due process for the final hearing as outlined in the cases, are afforded and the hearing is held within a reasonable time after the probationer's arrest. We have decided that we need not determine whether the hearing in this case was held within a reasonable time after arrest.

There is some question as to whether any probable cause hearing was held in this case. In one place the record indicates that the trial court considered a conference which took place the day before the final hearing as a preliminary or probable cause hearing. In another place the court indicated that the hearing which was held would be considered both the preliminary and revocation hearing. For the purposes of this case we will assume that no separate probable cause hearing was held.

The respondent contends that under the facts of this case no probable cause hearing was required. This for the reason that the prompt preliminary hearing accorded petitioner on the robbery charge

---

1. All statutory references are to V.A.M.S.

should be considered a compliance with or substitute for a preliminary hearing in the probation matter. Although the revocation sought was not based upon a subsequent violation of law it was closely related to the robbery charge pending in St. Louis County. It was primarily based upon possession of a firearm on the date of the robbery. The robbery was alleged to have been committed by use of a gun. A preliminary hearing on that charge and a finding of probable cause that petitioner was guilty thereof necessarily amounts to a finding of probable cause that petitioner possessed a gun on that date. In view of that hearing at which petitioner was present and represented by counsel it would seem wholly unnecessary to have a separate preliminary or probable cause hearing in the probation revocation matter. We are supported in this view by *Commonwealth v. Davis*, 336 A.2d 616[12] (Pa.Super.1975) and *People v. Andre*, 37 Cal.App.3d 516, 112 Cal.Rptr. 438[4, 5] (1974). Other cases, however, indicate that due process would require that for a hearing to serve that dual purpose the probationer should have notice of the intended nature and effect of the hearing. *In Re Law*, 10 Cal.3d 21, 109 Cal.Rptr. 573, 513 P.2d 621[7] (Cal.Sup.1973). We agree with that requirement. In the case at bar there is nothing to indicate that petitioner received any notice that the preliminary hearing was to also serve as the probable cause hearing in the revocation matter.

In any event petitioner is not entitled to relief by reason of the failure to hold a probable cause hearing and any delay in holding the final revocation hearing unless he was prejudiced thereby. And the burden is upon him to make such a showing. *People v. Hunt*, 29 Ill.App.3d 416, 330 N.E.2d 883 (1975), *State v. Gideon*, 510 S.W.2d 190[6] (Mo.App.1974), *State v. Gibson*, 502 S.W.2d 310 (Mo.1973) and *State v. Crider*, 451 S.W.2d 825[2] (Mo.App.1970).

Petitioner first contends that the delay was prejudicial because the arresting officer's testimony at the revocation hearing placed a gun in petitioner's hand rather than underneath the car as stated in the arrest report. There is no merit in that suggestion. The officer testified at the hearing that he was the author of the report and that the report was in error. There is nothing to indicate that his testimony would have been any different if the hearing had been held soon after the arrest. It is reasonable to assume that the officer would give the true version of the event and thus correct the error in the report regardless of when the hearing was held.

It is also stated that, "Although the alleged violations occurred in St. Louis, petitioner was confined in Kansas City for such a lengthy period and denied access to possible favorable evidence and witnesses." This contention is not factually correct. The evidence indicates that the major portion of the period of his confinement was in St. Louis County. He had ample opportunity to seek favorable witnesses.

Petitioner also says that, "An important issue to be proved would be the probationer's acceptance of the conditions of his release and his demonstrated responsibility while on probation. This important evidence is simply impossible of proof if the probationer has spent the last six months incarcerated. Clearly, prejudice can be implied from the delay." We see no merit in that argument. Petitioner had an opportunity to demonstrate that he was a good probation risk from the time probation was granted until his arrest. It was proper that he be confined during the period between arrest and hearing. He was not entitled to be released and given a second opportunity to demonstrate good conduct during that period of time.

Finally, it should be noted that subsequent to the probation revocation petitioner entered a plea of guilty to the Brentwood robbery charge and was sentenced thereon. That procedure should be considered conclusive evidence that petitioner possessed a gun on the date in question and was guilty of committing a felony while on probation. In view of that development it seems quite clear that petitioner could not have been prejudiced by any delay or other

procedural irregularity in the revocation proceedings.

The writ of habeas corpus should accordingly be quashed and petitioner remanded to the custody of respondent.

All concur.