**STATE of Missouri, Respondent,**

v.

**Scott WELCH, Appellant.**

**No. 62935.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 23, 1993.

Lew A. Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Judge.

Scott Welch ("Defendant") appeals from a sentence of four years in the Missouri Department of Corrections following entry of a plea of guilty to the offense of felony driving

---

while intoxicated in violation of §§ 577.010 and 577.023 RSMo Supp.1992. We dismiss for lack of jurisdiction.

On November 17, 1988, Defendant was charged by information in Cape Girardeau County with felony driving while intoxicated. The information alleged that Defendant had two prior convictions for driving while intoxicated occurring in Unitah, Utah on April 14, 1987 and June 9, 1986. Pursuant to a plea bargain, Defendant plead guilty to felony driving while intoxicated and to misdemeanor operating a motor vehicle without a valid operator's license. On January 3, 1989, the court sentenced Defendant to four years in the Missouri Department of Corrections. The court suspended execution of sentence and placed Defendant on five years supervised probation.

On March 3, 1992, Defendant confessed to violation of the terms and conditions of probation in that he had obtained a conviction for driving while intoxicated in Utah. The trial court revoked Defendant's probation and ordered the previously imposed sentence of four years in Missouri Department of Corrections executed. On October 30, 1992, Defendant moved for leave to file notice of appeal out of time. On November 3, 1992, this court granted that leave and on November 13, 1992, Defendant filed this appeal. The state filed a motion to dismiss the appeal, contending this court lacked jurisdiction.

Rule 30.01(d) provides: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." *State v. Manis*, 603 S.W.2d 706, 707 (Mo.App.1980). Rule 30.01(d). Rule 30.03 allows a defendant who fails to file a timely notice of appeal to move for a special order for leave to file notice of appeal out of time. Rule 30.03. The defendant must file the motion no later than twelve months after final judgment. *Id.* The judgment in a

criminal case is final for purposes of appeal when the judgment and sentence are entered. *Manis*, 603 S.W.2d at 707 (citing *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692 (Mo. banc 1979)).

Here judgment and sentence were entered on January 3, 1989 and Defendant filed his motion for leave to file notice of appeal out of time on October 30, 1992, over two years and ten months after judgment and sentence were entered. Therefore, this court's granting of Defendant's motion was improvident.[1] When a motion for leave to file out of time is improvidently granted after expiration of the prescribed filing time, the appellate court has no jurisdiction to hear the appeal and must dismiss it. *Winston v. State*, 533 S.W.2d 709, 713 (Mo.App.1976); *see also Gullett v. State*, 411 S.W.2d 227 (Mo.1967). Defendant's appeal of his January 3, 1989 sentence is untimely. Consequently, we dismiss the appeal for lack of jurisdiction.

CARL R. GAERTNER, P.J., and GRIMM, J., concur.

---

1. Defendant's notice of appeal indicates that the date of the appealed judgment is March 3, 1992. March 3, 1992, however, is the date of the hearing revoking Defendant's probation. A direct appeal is not available to review an order revoking probation. *State v. Ewing*, 522 S.W.2d 105,

106 (Mo.1975). *Id.* In any event, it is apparent from Defendant's brief that he is complaining of error in the imposition of his original sentence, not error in revoking his probation. Any appeal of Defendant's sentence must relate back to the date of entry and not to the date of execution.