**STATE of Missouri, Plaintiff/Respondent,**

v.

**Michael LIGGINS, Defendant/Appellant.**

**No. ED 84023.**

Missouri Court of Appeals, Eastern District, Division Five.

May 4, 2004.

Michael Liggins, St. Louis, MO, pro se.

Tim Lemen, Clayton, MO, for respondent.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

SHERRI B. SULLIVAN, Chief Judge.

Michael Liggins (Defendant) appeals from the trial court's order denying his motion to dismiss for lack of jurisdiction. Because there is no final, appealable judgment, we dismiss the appeal.

Defendant pleaded guilty to driving while intoxicated. Defendant subsequently filed a motion to withdraw his guilty plea, which the trial court granted. Defendant then filed a motion to dismiss the case against him, contending it violated the principles of double jeopardy. The trial court denied the motion. Defendant filed a motion for reconsideration, which the trial court also denied. Defendant's criminal case remains pending in St. Louis County Circuit Court. Defendant sought an appeal from the trial court's denial of his motion to dismiss.

In criminal cases, the right of appeal is limited to final judgments. Section 547.070, RSMo 2000. A judgment is final for purposes of appeal when the judgment and sentence are entered. *State v. Welch,* 865 S.W.2d 434, 435 (Mo.App. E.D.1993). Here, Defendant was allowed to withdraw his prior guilty plea and his case now remains pending in the circuit court. There is no new judgment and sentence from which Defendant may appeal. Rather, Defendant seeks an improper interlocutory appeal of the denial of his motion to dismiss.

This Court issued an order directing Defendant to show cause why his appeal should not be dismissed for lack of a final, appealable judgment. Defendant filed a response. However, his response addresses only the merits of his motion to dismiss. Defendant concedes this appeal is interlocutory and does not contend there is a final, appealable judgment. He asks for plain error review. However, without a final, appealable judgment, we have no jurisdiction to entertain his appeal on the merits.

We dismiss Defendant's appeal without prejudice for lack of a final, appealable judgment.

LAWRENCE E. MOONEY, J. and GEORGE W. DRAPER III, J., concur.