**STATE of Missouri, Plaintiff/Respondent,**

v.

**Charles LYNCH, Defendant/Appellant.**

**No. ED 87896.**

Missouri Court of Appeals, Eastern District, Division Five.

May 16, 2006.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Charles Lynch, Terre Haute, IN, appellant acting pro se.

GLENN A. NORTON, C.J.

Defendant Charles Lynch appeals from a judgment denying his motion to dismiss for failure to prosecute, speedy trial and Interstate Agreement on Detainers Act. The appeal is dismissed.

This Court has a duty to examine its jurisdiction sua sponte. *State v. Palm*, 158 S.W.3d 861 (Mo.App. E.D.2005). In criminal cases, the right of appeal is limited to final judgments. Section 547.070, RSMo 2000. A judgment is final for purposes of appeal when the judgment and sentence are entered. *State v. Welch*, 865 S.W.2d 434, 435 (Mo.App. E.D.1993).

Here, no judgment and sentence has been entered. Defendant is improperly attempting to appeal from an interlocutory order of the trial court denying his motion to dismiss. This is not an appealable order under section 547.070. *State v. Liggins*, 133 S.W.3d 563, 564 (Mo.App. E.D. 2004). We issued an order directing Defendant to show cause why his appeal should not be dismissed. Defendant has filed a response to the order. He acknowledges that the appeal is interlocutory, but asks this Court to review the issue. Where there is no final, appealable judgment, we have no jurisdiction to consider the appeal. *Palm*, 158 S.W.3d at 861.

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concurring.