Michael GREER, Appellant,

v.

Christopher McDONALD and
Constance McDonald,
Respondents,

and

Richard Greer and Dorothy Greer,
Third–Party Defendants.

No. ED 89249.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 11, 2007.

Eric T. Tolen, St. Louis, MO, for appellant.

Mark R. Harford, Kirkwood, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Michael Greer (Appellant) appeals from a judgment entered against him on the counterclaims of Christopher and Constance McDonald (Respondents) for malicious prosecution. Because Appellant's notice of appeal is untimely, the appeal is dismissed.

Appellant filed a petition against Respondents alleging defamation, assault, and battery. Respondents filed counterclaims against Appellant for assault and battery, malicious prosecution, intentional infliction of emotional distress, and civil conspiracy. They also filed claims against Appellant's parents for malicious prosecution and civil conspiracy. On September 25, 2006, after a jury trial, the trial court

entered a judgment in favor of Respondents on all of Appellant's claims and entered a judgment against Appellant on Respondent's claims of malicious prosecution, awarding Respondent Christopher McDonald $2,000 in damages and Respondent Constance McDonald $10,000 in damages.[1] On October 6, 2006, Appellant filed a motion for judgment notwithstanding the verdict. The trial court denied this motion on January 9, 2007. On January 24, 2007, Appellant filed this appeal.

 This Court has an obligation to discern its jurisdiction to consider an appeal. *State v. Lynch,* 192 S.W.3d 502 (Mo. App. E.D.2006). This Court only has jurisdiction if Appellant filed a timely notice of appeal. *Johnson v. Summers,* 596 S.W.2d 78, 79 (Mo.App. S.D.1980). Under Rule 81.04(a), the notice of appeal must be filed no later than 10 days after the judgment becomes final. If a timely authorized after-trial motion is filed, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a).

 Therefore, under Rule 81.05(a), any authorized after-trial motion is deemed denied after ninety (90) days if the trial court has not yet ruled upon it. Here, Appellant filed his motion for judgment notwithstanding the verdict on October 6, 2006. It was deemed denied ninety days later, on January 4, 2007. Rule 81.05(a)(2)(A). Therefore, Appellant's notice of appeal was due ten days thereafter, on Tuesday, January 16, 2007. Rule 81.04(a); Rule 44.01(a). Appellant filed his notice of appeal on January 24, 2007, which is untimely.[2]

 If this Court lacks jurisdiction to entertain an appeal, then it should be dismissed. *Buff v. Roper,* 155 S.W.3d 811, 812 (Mo.App. E.D.2005). This Court issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant has failed to file a response.

The appeal is dismissed for lack of a timely notice of appeal.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., concur.

---

1. The judgment also resolved the Respondents' claim for assault and battery in favor of Appellant and Respondents' claim of malicious prosecution against Appellant's parents in favor of them. At trial, Appellant withdrew his claims of intentional infliction of emotional distress and civil conspiracy. Thus, the judgment of September 25, 2006 disposed of all claims and all parties. *See, Peterson v.* Medlock, 884 S.W.2d 679, 683 (Mo.App. S.D. 1994).

2. On January 9, 2007, the trial court actually ruled upon the motion after the judgment became final. However, even if Appellant relied upon this date, his notice of appeal would have been due on January 19, 2007.