Frederick J. PEET, Jr.,
Plaintiff/Appellant,

v.

Randy CARTER, et al., Defendants,

and

Paul Pier, et al.,
Defendants/Respondents.

No. ED 91982.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 17, 2009.

Frank Niesen, St. Louis, MO, for appellant.

Michael Lach, Vincent Venker, Co–Counsel, St. Louis, MO, for respondents.

NANNETTE A. BAKER, Chief Judge.

Plaintiff Frederick J. Peet, Jr. (Appellant) filed a notice of appeal after judgment was entered in favor of Paul Pier, individually and as agent of Re/Max First Gold and Re/Max First Gold (Respondents). Because Appellant's notice of appeal is untimely, the appeal is dismissed.

On May 23, 2006, Appellant filed a multi-count petition in the trial court against defendants Randy Carter, individually and as agent of Re/Max Central, Re/Max Central, Gold Properties IV, LLC, and Respondents. Defendants Randy Carter, Re/Max Central, and Gold Properties IV, LLC were dismissed from the suit. On February 11, 2008, the trial court entered a judgment granting the Respondents' motion to dismiss. On March 24, 2008, Ap-

pellant filed a motion to reconsider citing only to Rule 75.01 to support his motion. The trial court held a hearing on the motion to reconsider on June 10, 2008. On September 4, 2008, the trial court entered an order concluding the motion to reconsider had been deemed overruled on June 23, 2008 under Rule 81.05(a)(2)(A). On September 26, 2008, the trial court amended this order to include the language, "This Judgment is final and appealable." Appellant filed a notice of appeal on October 6, 2008, stating that he was appealing from the judgment entered on September 26, 2008.

■ This Court has an obligation to discern its jurisdiction to consider an appeal. *State v. Lynch,* 192 S.W.3d 502 (Mo. App. E.D.2006). If a timely notice of appeal has not been filed, this Court is without jurisdiction to review the appeal and it must be dismissed. *Roberts Plaza II, LLC v. 4915 LLC,* 209 S.W.3d 535, 536 (Mo.App. E.D.2006). Under Rule 81.04(a), the notice of appeal must be filed no later than 10 days after the judgment becomes final. If a party files a timely authorized after-trial motion, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a).

■ Here, the trial court's judgment disposing of the last claims in Appellant's petition was entered on February 21, 2008. Appellant filed a motion to reconsider on March 24, 2008. Appellant cited only to Rule 75.01 to support his motion. When a party requests relief under Rule 75.01, then generally that party is only invoking the trial court's jurisdiction to act on its own within thirty days of the judgment. *See, Anderson v. Shelter Mut. Ins. Co.,* 127 S.W.3d 698, 702 (Mo.App. E.D.2004). If

so, then the judgment became final on March 24, 2008 under Rule 81.05(a), and the notice of appeal was due on or before April 3, 2008. Rule 81.04(a).

■ Even if we were to treat the motion as a motion for new trial, an authorized after-trial motion under Rule 81.05(a)(2)(A), the motion was deemed denied ninety (90) days after its filing, on June 23, 2008. Rule 81.05(a)(2)(A); Rule 44.01(a). Therefore, the trial court lost jurisdiction on June 23, 2008 to enter any further judgments because the judgment became final on June 23, 2008. As such, to the extent that Appellant seeks review of the February 11, 2008 judgment, his notice of appeal was due ten days thereafter on July 3, 2008. Rule 81.04(a). Appellant's notice of appeal, which was filed on October 6, 2008, is untimely as to any possible appeal from the February 21, 2008 judgment.

This Court issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant filed a response. Respondent has filed a reply to Appellant's response. Appellant first asserts that the trial court denied his motion to reconsider on June 10, 2008 at the hearing on the motion and therefore, it was not deemed denied on June 23, 2008. He fails to recognize that if that is true, then the judgment became final on that date and his notice of appeal is still untimely.

■ Appellant further argues that his counsel's paralegal called the trial court on several occasions to determine if the court had entered an order denying the motion to reconsider and complains that at no time did the court clerk advise that the judge had "invoked" Rule 81.05(a) or that his motion would be deemed overruled on June 23, 2008. There is nothing in Rule 81.05 that would require the trial court to invoke its provisions before they are appli-

cable. In addition, counsel for Appellant is presumed to know the rules of civil procedure.

Appellant's notice of appeal averred he was appealing from the September 26, 2008 judgment. Appellant's response fails to address whether the September 26, 2008 judgment is appealable. In his judgment, the trial court simply states that it lost jurisdiction to rule on the motion to reconsider when it was deemed overruled on June 23, 2008. This is not an appealable judgment, despite the trial court's statement that, "This Judgment is final and appealable." This is not a judgment on any claims in the underlying petition, but simply a ruling on a miscellaneous issue. For a judgment to be appealable, it must finally dispose of at least one claim on the merits and cannot be a ruling on a miscellaneous issue that does not resolve even one claim. *See, Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). Moreover, the trial court lost authority to make any amendments to the February 21, 2008 judgment on June 23, 2008.

If this Court lacks jurisdiction to entertain an appeal, then it should be dismissed. *Buff v. Roper,* 155 S.W.3d 811, 812 (Mo.App. E.D.2005).[1] The appeal is dismissed for lack of a timely notice of appeal.

PATRICIA L. COHEN, J., and KENNETH M. ROMINES, J., concur.

---

1. Appellant could have filed a request for a late notice of appeal within the six months of final judgment under Rule 81.07. However, the six months under the rule has now expired.