**STATE of Missouri ex rel., Mark W. STRACENER, Petitioner,**

**v.**

**Honorable Randall R. JACKSON, and Gerald L. Gabriel, Sheriff of Buchanan County, Missouri, Respondents.**

No. WD 31756.

Missouri Court of Appeals, Western District.

Dec. 30, 1980.

Errol D. Taylor, St. Joseph, for petitioner.

Michael A. Insco, Pros. Atty., St. Joseph, for respondents.

Before WASSERSTROM, C. J., and SHANGLER, DIXON, PRITCHARD, SWOFFORD, CLARK and MANFORD, JJ.

SHANGLER, Judge.

In this original proceeding for habeas corpus the petitioner seeks discharge from the restraint of a judgment for a jail sentence entered under § 560.031, RSMo 1978, for nonpayment of a fine.

█ The judgment was preceded by a hearing before the Associate Circuit Judge. The transcript of that event, other than the recitation of judgment, was not made part of the habeas corpus proceeding. What we know of that original adjudication, therefore, derives from the narrations on the judgment. *Ex parte Clark*, 208 Mo. 121, 106 S.W. 990, 995[1] (banc 1907). The return to the writ and the answer to the return—which frame the issues on habeas corpus [*Ryan v. Wyrick*, 518 S.W.2d 89, 91[1–3] (Mo.App.1974)]—do not contend against any fact in the judgment but only that the imprisonment violates legal principles.

The relevant text of § 560.031 provides:

Response to Nonpayment

1. When an offender sentenced to pay a fine defaults in the payment of the fine or in any installment, the court upon motion of the prosecuting attorney or upon its own motion may require him to show cause why he should not be imprisoned for nonpayment. The court may issue a warrant of arrest or a summons for his appearance.

2. Following an order to show cause under subsection I, unless the offender shows that his default was not attributable to an intentional refusal to obey the sentence of the court, or not attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment, the court may order the defendant imprisoned for a term not to exceed one hundred eighty days if the fine was imposed for conviction of a felony or thirty days if the fine was imposed for conviction of a misdemeanor or infraction. The court may provide in its order that payment or satisfaction of the fine at any time will entitle the offender to his release from such imprisonment or,

after entering the order, may at any time reduce the sentence for good cause shown, including payment or satisfaction of the fine.

\* \* \* \* \* \*

The order recites as predicate for judgment under § 560.031 the stipulated facts [from the judicial records] that: on January 31, 1980, the petitioner was assessed a $40 fine for operation of a motor vehicle with a suspended license. The defendant [petitioner] requested, and was granted, a continuance to February 14, 1980, for payment of the fine, but failed to appear on that date, failed to pay any portion of the fine, or to give explanation why he could not make payment. The defendant continued in default until arrest on April 3, 1980. The warrant of arrest directed appearance before the court on April 16, 1980, to show cause why the defendant should not be imprisoned for "nonpayment of fine pursuant to Chapter 560.031." Immediately prior to the hearing to show cause on April 16, 1980, the defendant satisfied the fine. The court proceeded to hearing and judgment nevertheless.[1]

The order recites also as predicate for judgment under § 560.031 the facts found from the evidence: that from the date of assessment of fine on January 31, 1980, defendant was continuously employed at a $600 monthly wage, that his debts amounted to $800 monthly, but that the expense of necessaries was only $420 monthly. The order finds also that defendant gave priority to the debts according to the insistence of the creditors; that he knew the fine was outstanding, but gave other debts preference—even though they were neither exigent nor necessary. The order recites also that the employer was willing to advance to him the amount to pay the fine but the defendant made no request; that the parents were able and willing to assist the defendant to pay this debt—as they had as to others—but the defendant, although aware of that willingness, made no attempt to enlist parental help.

The order determined the default by the defendant [petitioner] was an intentional refusal "to obey the order of the Court" and was "attributable to his failure to make a good faith effort to obtain the necessary funds for payment." The order adjudged the defendant to a sentence of ten days in the county jail.

The petitioner seeks release from the restraint of the judgment—not on any ground that the untimely obedience to the court order to pay the fine was not intentional or without good faith—but that the provisions of § 560.031 were misapplied. The petitioner contends that the statute intends to allow imprisonment only for nonpayment of fine and that any imprisonment after payment of fine violates constitutional due process. Thus, cognately, the Associate Circuit Judge exceeded the otherwise lawful jurisdiction conferred by § 560.031 by a judgment to imprison the petitioner after he paid the fine.[2]

■ A basic error distracts the arguments the petitioner makes: the remedy § 560.031 intends is not an imprisonment for nonpayment of fine as such, but a penalty by contempt of court for the failure to

---

1. The respondent Sheriff augments the preliminary narrative in the Order of adjudication by a statement of antecedent facts, recited in the brief and argued on appeal, without objection from the petitioner. We give them no effect on the merits since they are not formally before us either as evidence or as issues framed by the pleadings. They inform, nevertheless, that the assessment of fine on January 31, 1980, was only the consequence of a revocation of a probation imposed for the conviction of offense on May 23, 1979. The condition of probation was that the defendant [petitioner] verify insurance coverage on his vehicle—a condition he admits was violated.

2. The petitioner attempts a third ground: that the judgment against him of a jail term violates constitutional equal protection of the laws because he is an indigent. That issue was not made by his pleadings nor offered by the relators nor, from the order before us, adjudicated before the Associate Judge—or, if adjudicated, not reported to us by attachment, affidavit or other source of evidence. Nor does any source of evidence before us on habeas corpus contradict that the judgment rests on the facts recited.

obey—either intentionally or by want of good faith effort to comply—the sentence of the court. The very purpose of the § 560.031 enactment was to avoid the constitutional peril of the unequal protection of the laws that peremptory confinement in lieu of nonpayment of a fine works against an indigent. *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Hendrix v. Lark*, 482 S.W.2d 427, 428[1] (Mo. banc 1972); See, repealed §§ 543.270 and 546.830. To that end, the scheme of § 560.031 allows *the court to impose alternative methods for the payment, reduction or even remission of the fine*—and confines the imprisonment alternative to instances where the nonpayment was culpable. Jail is imposed not as an alternative to a fine but because the defendant has intentionally or from want of good faith failed to obey the order of the court to satisfy the fine according to the terms of judgment.

■ There is no doubt that the determination of culpability under §§ 560.031.1 and 560.031.2—the procedure employed against the petitioner—describes a proceeding in a criminal contempt. [Comment to § 560.031; also, The New Missouri Criminal Code: A Manual for Court Related Personnel, § 5.6]. Those sections merely give occasion for the exercise of the inherent power of a court to punish as a criminal contempt the challenge to its authority and the disregard for its mandate. *State ex Inf. McKittrick v. Koon*, 356 Mo. 284, 201 S.W.2d 446, 454[7–13] (banc 1947). They allow the prosecution to proceed only on notice by summons or warrant of arrest and for conviction only after proof of cause—and so conform to the essential requirements of Rule 36.01(b) for an indirect criminal contempt.[3] *Ramsey v. Grayland*, 567 S.W.2d 682, 686[7, 8] (Mo.App.1978); *Curtis v. Tozer*, 374 S.W.2d 557, 574[14, 15] (Mo.App.1964). The order entered by the Associate Circuit Judge against the defendant [petitioner] upon notice and after evidence conforms to the requirement of Rule 36.01(b) that the judgment of contempt recite "the essential facts constituting the criminal contempt and fixing the punishment." See, *Ex parte Neal*, 507 S.W.2d 674, 679[8] (Mo.App.1974). Thus, the subject matter, procedures and judgment for a nonpayment of fine under § 560.031 considered together with Rule 36.01(b), to which the statute stands in necessary *pari materia*, describe a paradigm for the adjudication of an indirect criminal contempt.

■ There remains only the question whether the failure of the defendant to pay the fine on the date fixed by the court mandate despite quittance of that obligation before the adjudication of contempt is punishable under § 560.031. That question arises [so the petitioner poses] because the statute, in terms, authorizes imprisonment only for *nonpayment of the fine*. § 560.031.1. The statute, however, does not operate to punish merely a nonpayment but, as sequential § 560.031.2 clearly states, when nonpayment constitutes *an intentional refusal to obey the sentence of the court* or want of good faith effort to meet the terms of judgment. That is, for a criminal contempt of court.

■ The gist of a criminal contempt is conduct which tends "to degrade or make impotent the authority of the court, or in some manner to impede or embarrass the due administration of justice." *Ex parte Clark*, supra, l.c. 106 S.W. 997. An indicium of a criminal contempt is the intentional interference with the judicial process such as the demonstrable refusal to be bound by a judicial determination. *Teefey v. Teefey*, 533 S.W.2d 563, 566[3] (Mo. banc 1976). Thus, the intentional disobedience of a law-

---

**3.** There is no issue that the petitioner was not tried according to the full procedure for an indirect criminal contempt. Nor, we repeat, does the petitioner contend that the facts recited in the Order do not—as a matter of law—warrant the judgment found [See, *Ex parte Creasy*, 243 Mo. 679, 148 S.W. 914, 917 (1912)]. As a practical matter, the petitioner allows us no basis for such an examination appropriate by habeas corpus, since the facts recited as predicate for judgment are not challenged and are otherwise beyond our reach. *Curtis v. Tozer*, supra, l.c. 574. The petitioner argues only that the payment of the fine, however tardy, exhausted the jurisdiction of the court under § 560.031 to proceed against him further.

 

ful mandate of a court—or a show of bad faith for noncompliance—constitutes a contempt of court. *Thompson v. Farmers' Exchange Bank*, 333 Mo. 437, 62 S.W.2d 803, 811[16–21] (1933). The petitioner does not contest the recitals nor the ultimate determinations of the Order [Judgment] that his failure to pay the fine according to mandate was intentional and from want of good faith effort to comply. The later payment does not allay the disparagement to the administration of justice from the earlier disregard of the judicial authority. A conviction was made out under § 560.031 by a court of lawful jurisdiction.

The conviction for criminal contempt of court was valid in any event independently of § 560.031. The power of court to protect the integrity of its judgments by a contempt of court inheres in its constitutional purpose to resolve disputes between people. *Mechanic v. Gruensfelder*, 461 S.W.2d 298, 304[2] (Mo.App.1970). It is a power beyond a legislature to abridge. *Fiedler v. Bambrick Bros. Const. Co.*, 162 Mo.App. 528, 142 S.W. 1111, 1114[5] (1912). The conduct of the petitioner as defendant was, as the recitations of the Order show without contest, a contumacious refusal of the judicial mandate for payment of fine. The conviction for which the petitioner is now held was derived by a procedure consonant with the adjudication of an indirect contempt of court as codified by Rule 36.-01(b). As appear from the recitals of the Order proper, the prosecution proceeded on notice, lapse of a reasonable time for defense, opportunity to present evidence—all requisite to judgment for a criminal contempt. And the Order for the contempt conforms to the substantive requirements of Rule 36.01(b) that the judgment "recite . . . the essential facts constituting the criminal contempt." The conviction for contempt against the petitioner rests validly as a vindication of the contempt power of the court as well as under the procedures of § 560.031. *Ex parte Neal*, 507 S.W.2d 674, 679[8] (Mo.App.1974).

The writ of habeas corpus is quashed and the petitioner is remanded to the custody of the Sheriff of Buchanan County, Missouri.

All concur.